431 So.2d 16 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Billy R. KINNEY, Defendant-Appellant.
No. K82-788.
Court of Appeal of Louisiana, Third Circuit.
March 25, 1983.
Rehearing Denied May 26, 1983.
Martin S. Sanders, Winnfield, for defendant-appellant.
Ronald C. Martin, Dist. Atty., Natchitoches, for plaintiff-appellee.
Before GUIDRY, STOKER and LABORDE, JJ.
STOKER, Judge.
Defendant, Billy Kinney, was convicted of theft in violation of LSA-R.S. 14:67. The trial court imposed a fine of $250.00 and costs, and in default of payment of the fine and costs defendant was to serve thirty days in the Parish Jail. We granted defendant's application for a writ of review to test defendant's conviction under the standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We reverse. After viewing the evidence in a light most favorable to the prosecution, we conclude that no rational trier of fact could have found beyond a reasonable doubt an essential element of the crime. Cf. State v. Byrd, 385 So.2d 248 (La.1980).[1]

FACTS
In the course of an investigation into the theft of fish, agents David McAlpin and Mike Gardner of the Louisiana Department of Wildlife and Fisheries "planted" a marked catfish in the net of a Mr. John Keedy and placed the net along the bank of the Saline Bayou in Natchitoches Parish. The agents had borrowed the net from Mr. Keedy specifically for the purpose of catching someone in the act of stealing fish. Several days after planting the fish in the net, the agents observed the defendant pull up the baited net and take the fish out of it. The defendant had been pulling up other nets in the area of the baited net and after removing the fish in question from the net, threw the net upon the bank. The testimony of the witnesses does not indicate that *17 the defendant threw other nets upon the bank in this manner.
After the defendant had left the area, the agents went to the landing where the defendant normally landed his boat and waited. The defendant subsequently landed his boat where the agents were waiting. Agent McAlpin questioned the defendant as to whether or not the bait fish was for sale and the defendant told him it was, at a price of $7.00. The agents then arrested defendant.

ARGUMENT AND LAW
Theft is defined in LSA-R.S. 14:67, quoted in pertinent part as follows:
"§ 67. Theft
"Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential."
As outlined in State v. Victor, 368 So.2d 711 (La.1979), there are three essential elements of the crime of theft which must be proved by the prosecution beyond a reasonable doubt:
1. The "misappropriation or taking of anything of value which belongs to another,"
2. Either "without the consent of the other ... or by means of fraudulent conduct,"
3. With "intent to deprive the other permanently" of the object of the taking or misappropriation. When a defendant contends that the State has failed to carry its burden of proof as to each element of a crime or that the evidence is insufficient to prove each element, appellate review is limited by the standard enunciated in Jackson v. Virginia, supra. Utilizing that standard, we find that the State has failed to prove the third element of LSA-R.S. 14:67, the intent to deprive the other permanently of the object of the taking or misappropriation.
The defendant contends, and so testified, that when he took the fish from the net he believed that the fish was caught in the net of a friend, Rodney Leonard. Leonard had told the defendant several days before the arrest that, although he had no nets in the area where the fish in question was placed, he was going to move all of his nets into that area. The "set-up" net was a particular type of net which was made with a hoop made from garden hose. The defendant, Leonard, and another witness, Lonnie Corley, all testified that Leonard had previously bought some of these unusual nets to use in his commercial fishing. Thus, the defendant relies on what he contends is a mistake of fact on his part in assuming that the hoop net was Leonard's. Defendant urges that such a belief would preclude the existence of any mental element required in the crime of theft. LSA-R.S. 14:16. That mental element would be the intent to deprive another permanently of the object of the taking or misappropriation.
The defendant explained his throwing of the net upon the shore as being a custom generally observed by fishermen when one places a net too close to or "on top of" another fisherman's net. The defendant's testimony was corroborated by that of his friend, Rodney Leonard. Leonard testified that he would expect Mr. Kinney to do what he did if Leonard's net had been on top of Kinney's. Agent McAlpin testified that when he set the baited net, it was so close to another net (which evidence establishes was Mr. Kinney's) that the mouth of the baited net was near of the middle of Mr. Kinney's net. The evidence indicates that the attempted sale by defendant of what he thought was his "fishing partner's" fish would not be unusual in view of their relationship as close friends and their mutual interest in net fishing.
The evidence represented by the testimony of the defendant, Leonard, or Lonnie Corley, was in no way rebutted by the prosecution nor was the credibility of these witnesses ever brought into doubt.
*18 The State offered no evidence that the relationship between the defendant and Leonard was anything other than what they said it was or that, if the fish had been Leonard's, defendant would have had to ask permission to take it and sell it. The State introduced no evidence that defendant ever stole fish in a similar manner in the course of a theft, that defendant acted in a manner which would cast suspicion upon himself, or that his actions were inconsistent with his explanation for taking the fish.
The State relies on the mere fact that the defendant took a fish that was not his to establish the requisite element of intent to deprive permanently. The uncontradicted testimony indicates that defendant was told by Leonard that Leonard was going to move his nets, which were similar in appearance to and were floated with jugs like the baited net of Mr. Keedy's, into the area where the baited net was set. The evidence the State uses to establish the critical element of intent (the fact that the defendant took a fish that was not his) is circumstantial and insufficiently carries the State's burden of proof.
The State relies on circumstantial evidence to prove an element of the crime. Applicable, therefore, is LSA-R.S. 15:438 which provides:
"The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."
The issue of whether every reasonable hypothesis of innocence has been excluded presents a question of law reviewable by an appellate court. State v. Elzie, 343 So.2d 712 (La.1977), and cases cited therein. The State has failed to meet its burden under this rule or under the standard of Jackson v. Virginia, supra. No rational trier of fact, after viewing the evidence in the light most favorable to the prosecution, could find beyond a reasonable doubt the element of intent. The State has failed to exclude the reasonable hypothesis of innocence set forth by the defendant.
We hold that, as a matter of law, the State has failed to prove the element of intent beyond a reasonable doubt. The conviction of the defendant is reversed.
Defendant raised other issues on his specification of errors. Inasmuch as we reverse on the sufficiency of evidence issue, we do not reach the additional issues.

DECREE
For the reasons set forth, we reverse and set aside the conviction and sentence of the defendant.
REVERSED; CONVICTION AND SENTENCE SET ASIDE.
NOTES
[1] LSA-C.Cr.P. art. 821 added through Section 1, of Act No. 144 of the Louisiana Legislature, contains some elements of the standards of Jackson v. Virginia, supra. By its terms the article refers to post-judgment acquittal and is a procedure to be followed in the trial court on a motion to be made before sentence. The amended article was not effective as to the offense involved here, but the Jackson v. Virginia standard nevertheless controls.