506 So.2d 531 (1987)
STATE of Louisiana
v.
Claudio TAMEZ, III and Genaro Sanchez.
No. 86 KA 0865.
Court of Appeal of Louisiana, First Circuit.
March 4, 1987.
Rehearing Denied May 6, 1987.
*532 William R. Campbell, Jr., Attorney for the State, New Orleans, for State.
George C. Ehmig, Covington, for defendants.
Before LOTTINGER, SHORTESS and CARTER, JJ.
CARTER, Judge.
Defendants, Claudio Tamez, III and Genaro Sanchez, were charged by bill of information with the possession of marijuana with intent to distribute, a violation of LSA-R.S. 40:966. The defendants jointly moved to suppress physical evidence seized after a search of the automobile in which they were riding at the time of their arrest. After a hearing, the trial court denied defendants' motion to suppress. Thereafter, each accused entered a plea of guilty, reserving his right to review of the ruling denying the motion to suppress. See State v. Crosby, 338 So.2d 584 (La.1976). The court sentenced each defendant to serve four years at hard labor. They appealed, urging the court erred in denying the motion to suppress.

FACTS
On or about January 1, 1986, Trooper Phillip Domiano observed the vehicle in which defendants were riding heading eastbound on Interstate 12 in St. Tammany Parish. From the shoulder of the highway, Domiano observed the car weaving across the traffic lanes. Thereafter, Domiano pulled behind defendants' vehicle, and saw it cross the center line and run off the road onto the right shoulder. Domiano stopped the car and asked the driver, defendant Sanchez, to get out. In response to Domiano's request for a driver's license, Sanchez produced an alien registration card. Domiano testified that he asked Sanchez who owned the car and Sanchez replied that it belonged to a friend; however, Sanchez was not able to provide the friend's name.
Domiano further testified that Sanchez became nervous during this questioning and that he was able to detect the odor of alcohol on Sanchez's breath. He then asked Sanchez to consent to a search of the car and obtained Sanchez's signature on a consent form. Domiano specifically testified that he read and explained the form to Sanchez and that Sanchez understood the form before he signed it.
During the search of the automobile, Domiano discovered defendant Tamez sleeping on a pile of clothing on the back seat. Domiano asked Tamez to exit the vehicle and searched the pile of clothing. After two packages of marijuana were found hidden in the legs of a pair of trousers, Domiano arrested Tamez and Sanchez for possession of marijuana with intent to distribute. A further search of the automobile revealed fourteen more packages under the back seat. In all, twenty-seven one pound packages of marijuana were found.

PATENT ERROR AS TO SANCHEZ
In brief to this court, defendants address only the issue of whether the trial court erred in denying the motion to suppress. We note, however, that an error patent on the face of the record requires this court to vacate the guilty plea entered by defendant Sanchez.
The colloquy which occurs when the court canvasses the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences is a part of the plea of the accused. State v. Godejohn, 425 So.2d 750 (La.1983). It is in the nature of a pleading or proceeding, rather than testimony or *533 evidence. Therefore, a review of it for error on appeal constitutes a mere inspection of the pleadings and proceedings without inspection of the evidence. Id.
A crucial determination in this proceeding is whether defendant Sanchez was able to read and speak English. After the hearing on defendants' motion to suppress the marijuana, the trial court found that Sanchez was sufficiently fluent in English to consent to the search of the automobile. This ruling is the subject of defendants' appeal. Notwithstanding its earlier ruling, during the Boykin colloquy the trial court requested co-defendant Tamez to translate the proceedings into Spanish in order to establish Sanchez's understanding of the nature of the proceedings and the waiver of his constitutional rights. The court did not modify its previous ruling or make a factual determination that an interpreter was necessary before proceeding through a third party. Moreover, the court did not attempt to find an impartial interpreter nor did he instruct Tamez to accurately translate the proceedings.
Our Legislature has not as yet determined the necessary qualifications for interpreters who serve the court by translating proceedings into or from a foreign language.[1] Nevertheless, it is axiomatic that an interpreter should be a neutral and detached individual whose abilities are first screened by the court and who is sworn to make a true, literal and complete bilateral translation. The use of an unqualified, unsworn interpreter who was the co-defendant with the accused and also has a substantial interest in the outcome of the proceedings, renders the plea itself questionable. In the instant case, the record contains no indication that a neutral interpreter could not be obtained. We find the court erred in permitting Tamez to translate the responses of his co-defendant, despite the fact that the suggestion to do so was made by counsel for Sanchez (who also represented Tamez). We find, therefore, that the trial court erred in accepting Sanchez's plea. The guilty plea entered by Sanchez must be vacated, the conviction and sentence reversed, and he must be permitted to plead anew.

DEFENDANTS' MOTION TO SUPPRESS
Defendants contend the trial court erred in denying their motion to suppress the marijuana. They argue the search was unconstitutional because defendant Sanchez does not speak English and, therefore, could not validly consent to a search of the automobile by signing a form written and explained in English.[2]
At the hearing on the motion to suppress, Trooper Domiano testified that Sanchez told him he understood the significance of the waiver and that, in his opinion, Sanchez understood every word of the waiver form. Sanchez took the stand on his own behalf. Questioned in Spanish, he testified that he spoke English "poquito" (a little) but was unable to read it. After advising the court that he had unsuccessfully attempted to locate a translator for the hearing, defense counsel suggested the court question defendant through a Spanish-speaking party who was apparently in or near the courtroom. The state objected on the grounds that a translator had to be qualified by the court and that defendants' request appeared to be totally self-serving. Defense counsel briefly resumed direct examination in English, and Sanchez identified his signature by affirmatively shaking his head. He did not testify further.
Trooper Domiano was called to testify in rebuttal. He testified that translators were available through the Border Patrol and other volunteers and that he had on previous occasions requested the assistance of an interpreter when dealing with non-English speaking persons. He reiterated *534 that Sanchez had not indicated he did not speak English and testified further that Sanchez had answered several questions he asked in English after the arrest.
In denying the motion to suppress, the court noted that defendant had stepped down from the witness's stand when instructed to do so by the court. The court further noted that the issue was a credibility determination and, based in part on defendant's response to its order, that Sanchez was sufficiently fluent in English to read and understand the consent form he signed.
Approximately two months after the hearing on the motion to suppress, defendants entered pleas of guilty to the charge in return for a sentence limited to four years, reserving their right to review of the ruling denying the motion to suppress. At that time, the trial court acknowledged that Sanchez was not able to communicate in English by requesting defendant Tamez to translate for Sanchez. The entire Boykin colloquy was conducted through Tamez. Sanchez's responses were essentially limited to affirmative nods, although he did enter the guilty plea himself.
From the outset, it is apparent that the trial court's action in questioning Sanchez through an interpreter during the Boykin colloquy directly conflicts with its earlier determination that Sanchez was able to intelligently consent to the search. Rather, the testimony presented at the Boykin hearing, apparently accepted by the trial court, established that defendant Sanchez had received no formal schooling and did not speak English. This testimony, and its acceptance by the court, are crucial to our determination that the trial court erred in refusing to fully explore the issue of defendant's language barrier.
The general rule is that the accused bears the responsibility of establishing the unconstitutionality of the search and seizure. LSA-C.Cr.P. art. 703; State v. Boyd, 349 So.2d 1256 (La.1977). However, when the state seeks to rely upon consent to justify the lawfulness of a search, it has the burden of proving the consent was given freely and voluntarily. State v. Owen, 453 So.2d 1202 (La.1984); State v. Richardson, 459 So.2d 31 (La.App. 1st Cir. 1984). Because this ruling is based upon the credibility of the witnesses and the weight of the evidence, it should not be overturned in the absence of abuse of discretion. State v. Tennant, 352 So.2d 629 (La.1977); cert. den., Tennant [Tennart] v. Louisiana, 435 U.S. 945, 98 S.Ct. 1529, 55 L.Ed.2d 543 (1978).
At the hearing on the motion to suppress, the issue of defendant's fluency was squarely presented through the opposing testimony of Trooper Domiano and defendant Sanchez. The court ruled Domiano was the more credible witness. In our review of the ruling, however, we are not limited to the record of the motion hearing but may consider evidence introduced in related court proceedings. See State v. Phillips, 444 So.2d 1196 (La.1984). Although the court chose to discredit the limited testimony of Sanchez on the motion to suppress, subsequent proceedings during Boykinization apparently established to the court's satisfaction that Sanchez experienced difficulties with the English language severe enough to require the services of an interpreter. Therefore, while the record does not reflect the depth of Sanchez's language problems (upon which the court presumably determined the need for a translator), it is clear that the court abused its discretion in denying defendants' motion to suppress without fully exploring the issue. The interests of justice require us to remand this matter to the trial court for a reopened hearing on defendants' motion to suppress. The trial court is instructed to determine on the record if defendant Sanchez requires an interpreter to present his testimony and, if so, the court is instructed to appoint a qualified, neutral party to do so before requiring him to enter a plea to those charges and proceeding with the reopened hearing on the motion to suppress.

CONCLUSION
Therefore, the guilty plea of defendant Sanchez is vacated; he must be allowed the *535 opportunity to plead anew. The trial court's denial of defendants' motion to suppress is also vacated; and the matter is remanded for a reopened hearing on the motion.
DEFENDANT SANCHEZ'S CONVICTION AND SENTENCE ARE VACATED AND CASE IS REMANDED. DENIAL OF DEFENDANTS' MOTION TO SUPPRESS IS VACATED AND CASE IS REMANDED.
NOTES
[1] But see LSA-C.Cr.P. art. 401.1, providing for the appointment of an interpreter to assist in the service of a deaf juror.
[2] Defendant Tamez unquestionably speaks both English and Spanish. As a party adversely affected by the search, however, he too has standing to contest the search and the court's ruling on the motion to suppress. LSA-Const. art. 1, § 5; State v. Owen, 453 So.2d 1202 (La.1984).