544 So.2d 86 (1989)
STATE of Louisiana, Plaintiff-Appellee,
v.
James McINTYRE (James McTyre), Defendant-Appellant.
No. CR88-1086.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1989.
*87 Michael J. Bonnette, Natchitoches, for defendant-appellant.
Michael Henry, Dist. Atty., Natchitoches, for plaintiff-appellee.
Before FORET, YELVERTON and KING, JJ.
KING, Judge.
This appeal presents two issues for consideration by this court. The first issue is whether the jury's verdict of guilty of possession of cocaine with intent to distribute is contrary to the law and evidence. The second issue is whether the trial court erred by imposing an excessive sentence upon the defendant.
James Mclntyre (hereinafter defendant) was charged by bill of information with the crime of possession of cocaine with intent to distribute, a felony in violation of La.R. S. 40:967(A). Defendant pled not guilty and was tried before a jury. The jury unanimously found the defendant guilty as charged. Defendant filed a motion for a new trial which was denied. After a sentencing hearing, the trial court sentenced defendant to serve a term of fifteen years at hard labor. The defendant appealed urging two assignments of error. We reverse and remand to the trial court for entry of judgment of guilty of possession of cocaine and imposition of the appropriate sentence.

FACTS
On December 3, 1987, after receipt of confidential information, a search warrant was issued to search the apartment of Gerald Williams in the J. W. Thomas Apartments on Trudeau Street in Natchitoches Parish, Louisiana. This warrant authorized the search of the apartment of Gerald Williams for crack cocaine and cocaine HCL. Deputies Jerry Cooley and Victor Jones went to the apartment to execute the search warrant, but, finding no one at home, they began to drive around town looking for Gerald Williams' brown Cadillac automobile. Early in the morning of December 4, 1987, the officers located the Cadillac automobile at a local gas station. Defendant was the driver of the car, with Gerald Williams as a passenger in the front seat and two other men occupying the back seat.
The officers asked all of the occupants of the Cadillac to exit the vehicle and proceeded to pat them down for weapons. Officer Cooley found some .357 Magnum bullets in defendant's pocket, but failed to find a weapon on his person. Officer Jones found a .380 automatic weapon concealed in the waistband of Gerald Williams' jogging suit. The four men were then arrested and taken into custody.
At the Sheriff's office, a further search of the defendant yielded a bag containing several small rocks and a powdered substance which was concealed in his sock. The rocks were later analyzed and found to be 2.01 grams of crack cocaine and the powdered substance was later analyzed and found to be 5.74 grams of powdered cocaine. At trial, Officer Cooley testified that the street value of crack cocaine is between $10.00 and $50.00 per rock, averaging $25.00 per rock, and that powdered cocaine sells for $100.00 per gram. There was also testimony that there are 28 grams in one ounce and that slightly more than one-fourth of an ounce of cocaine was found in defendant's possession. The defendant also had $83.00 cash in his possession. The Cadillac automobile was also searched and the officers discovered firearms *88 and a pair of triple beam scales. Officer Cooley testified that, based on his experience with law enforcement, scales like the one found in the Cadillac were used to weigh narcotics by the gram.
At the trial, defendant took the stand in his own behalf and testified that although he had cocaine in his possession at the time of his arrest, he did not intend to sell the cocaine and that it was for his personal use. He further testified that he had been personally using cocaine for approximately five years. When asked about the presence of the several firearms in the car, defendant explained that he and his longtime friend, Gerald Williams, had gone target shooting in the country. On cross-examination, defendant admitted that, although cocaine sells for about $100.00 per gram, he did not pay that much for the narcotic.
The jury found the defendant guilty as charged by an unanimous verdict rendered on May 23, 1988. Defendant filed a motion for a new trial which was denied. After a sentencing hearing, the trial court sentenced defendant to serve a term of fifteen years at hard labor. The defendant appealed, citing two errors. First, defendant assigns error to the jury's verdict on the ground that it is contrary to the law and evidence. Second, defendant assigns error to the sentence imposed by the trial court on the ground that it is excessive. We reverse the conviction of defendant for possession of cocaine with intent to distribute and remand the matter to the trial court for entry of a judgment finding the defendant guilty of possession of cocaine and for imposition of the appropriate sentence.

LAW
In his first assignment of error, defendant maintains that the jury's verdict of guilty of possession of cocaine with intent to distribute is contrary to the law and evidence. Defendant argues that the State failed to meet its burden of proving that he possessed the cocaine with the specific intent to distribute it.
When reviewing the sufficiency of the evidence to support a conviction, an appellate court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the defendant to have committed the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Chism, 436 So.2d 464 (La.1983). Specific intent is an essential element of the crime of possession of cocaine with intent to distribute. La.R.S. 40:967.
Specific criminal intent is defined in La. R.S. 14:10(1) as "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act."
In this case, the State attempted to prove defendant's specific intent to possess cocaine with intent to distribute by circumstantial evidence. The rule concerning circumstantial evidence is set forth in La.R.S. 15:438, which provides that where an essential element of a crime is sought to be proven by circumstantial evidence that, in order to convict, the evidence must exclude every reasonable hypothesis of innocence. State v. Jackson, 419 So.2d 837 (La.1982); State v. Williams, 310 So.2d 513 (La.1975). The issue of whether every reasonable hypothesis of innocence has been excluded presents a question of law. State v. Williams, supra; State v. Kinney, 431 So.2d 16 (La.App. 3 Cir. 1983). The intent to distribute may be established by proving circumstances surrounding defendant's possession which give rise to a reasonable inference of intent to distribute.
In State v. Elzie, 343 So.2d 712 (La.1977), a case very similar to the instant case, the defendant had been convicted of possession of cocaine with intent to distribute. On appeal, defendant alleged that the trial court erroneously convicted him and denied his motion for a new trial, maintaining that the State failed to introduce any evidence proving that the cocaine found on him was possessed with intent to distribute. The Supreme Court set aside the defendant's *89 conviction for possession of cocaine with intent to distribute and stated that:
"In similarly reversing a jury conviction for possession with intent to distribute twenty-one marijuana cigarettes, we noted in State v. House, 325 So.2d 222, 225 [(La. 1975)] that, aside from possession itself
`* * * the State offered no evidence: (1) that the defendant ever distributed or attempted to distribute any marijuana [cocaine], (2) that the marijuana [cocaine] was in a form usually associated with marijuana [cocaine] possessed for distribution to others; (3) that the amount was such as to create a presumption of intent to distribute; (4) of expert or other testimony that such an amount as found on the defendant is inconsistent with personal use only; and (5) of any paraphernalia ... evidencing an intent to distribute.'" State v. Elzie, 343 So.2d 712, at page 716 (La.1977).
In the case at bar, the record is devoid of any evidence that the defendant ever distributed or attempted to distribute cocaine. Although evidence was presented that the crack and the powdered cocaine found on defendant were packaged in plastic bags, placed one inside of the other, there was no testimony that this form of packaging of crack and cocaine was in any way associated with distribution. Likewise, the prosecution failed to produce evidence that the amount was such as to create a presumption of possession with intent to distribute. There was only 7.75 grams or slightly more than one-fourth of an ounce of crack and cocaine found in the possession of defendant. In Elzie, supra, the court found that defendant's possession of 18.7 grams or slightly less than Vio of an ounce of cocaine did not create a presumption of intent to distribute and the court stated that: "... it is far more likely that the possession was for personal use ...". State v. Elzie, 343 So.2d at page 715. The State did not present any expert testimony indicating that the amount of crack and cocaine possessed by defendant was inconsistent with possession for his personal use. The only evidence presented by the prosecution which included items set forth in State v. Elzie, supra and in State v. House, supra, concerned the pair of triple beam scales found in the trunk of Gerald Williams' Cadillac automobile. Officer Cooley did testify that, in his experience, scales like the ones found in the Williams vehicle were commonly used to weigh narcotics. However, there was no testimony which proved that the defendant had any connection with these scales. The scales were not in the direct possession or control of defendant and there was no other drug paraphernalia found in defendant's possession. In this case, the defendant also testified at trial that he possessed the crack and cocaine for his own personal consumption. While this evidence was self-serving, the State presented no direct or circumstantial evidence to contradict the defendant's assertion.
Examining the totality of the evidence presented by the State, it is clear that the State proved that defendant had 7.75 grams of crack and cocaine in his possession. However, mere possession of this amount of cocaine is not of itself evidence of possession with intent to distribute. While proof of intent may be inferred from the attendant circumstances of a transaction, mere speculation and conjecture which are not supported by any reasonable inference cannot satisfy the burden of the prosecution to prove guilt beyond a reasonable doubt. State v. House, supra.
Upon review of the entire record we conclude that no rational trier of fact would have found proof of guilt beyond a reasonable doubt of every element of the crime of possession of cocaine with intent to distribute. Jackson v. Virginia, supra; State v. Chism, supra. We accordingly set aside the conviction and sentence for this particular offense.
Cocaine is a Schedule II controlled dangerous substance and possession of cocaine is a violation of La.R.S. 40:967(C). La.C.Cr.P. Art. 814(A)(49) provides that the verdict of guilty of possession of a controlled dangerous substance is a responsive verdict to the crime of possession of a *90 controlled dangerous substance with intent to produce, manufacture, distribute or dispense, which was the verdict rendered in this case. Even if the evidence does not support the crime charged, an appellate court may order judgment to be entered on a lesser included responsive verdict, where the evidence supports such conviction, and remand the matter for resentencing. La.R. S. 14:5; La.C.Cr.P. Art. 821(E); State v. Parish, 405 So.2d 1080 (La. 1981); State v. Harveston, 389 So.2d 63 (La. 1980); State v. Byrd, 385 So.2d 248 (La.1980); State v. Alexander, 437 So.2d 991 (La.App. 3 Cir. 1983), after remand, 457 So.2d 867, 868 (La.App. 3 Cir.1984), writ den., 462 So.2d 190 (La.1984). See also State v. Bay, 529 So.2d 845 (La.1988); State v. Jones, 426 So.2d 1323 (La.1983).
The evidence in this case, including the defendant's judicial admission during the trial that he possessed cocaine, conclusively supports the existence of every element of the crime of possession of cocaine and the defendant's guilt of that crime. The jury implicitly found defendant guilty of that lesser and included crime by the verdict it rendered. Therefore, rather than set a criminal free without punishment, after his guilt has been proved by the prosecution and after the jury has found him to be guilty of the crime of possession of cocaine, we simply set aside the conviction and sentence for the insufficiently proven crime of possession of cocaine with intent to distribute and remand the case to the trial court with instructions to enter against defendant a judgment of guilty of possession of cocaine and to sentence defendant accordingly.
CONVICTION AND SENTENCE SET ASIDE, REMANDED WITH INSTRUTIONS.