599 So.2d 358 (1992)
STATE of Louisiana
v.
Lawrence DECUIR.
No. Cr91-784.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1992.
*359 Ronald Melebeck, Abbeville, for defendant-appellant.
Marc T. Amy, Asst. Dist. Atty., Abbeville, for plaintiff-appellee.
Before GUIDRY, J., and HOOD and MARCANTEL,[*] JJ. Pro Tem.
BERNARD N. MARCANTEL, Judge Pro Tem.
On February 4, 1987, the Vermilion Parish Sheriff's Department deputies, pursuant to a search warrant, entered the residence of defendant, Lawrence Decuir, and his wife, Shirley Decuir, and found quantities of marijuana and cocaine, and drug paraphernalia. Defendant and his wife were both charged by bill of information of possession with intent to distribute marijuana, a violation of La.R.S. 40:966A(1), and possession with intent to distribute cocaine, a violation of La.R.S. 40:967 A(1). Defendant was found guilty as charged on January 31, 1991.
On May 16, 1991, defendant, Lawrence Decuir, was sentenced to serve five years *360 at hard labor on the cocaine charge and two years at hard labor on the marijuana charge and the sentences were to run concurrently. From this conviction, defendant now appeals, urging six assignments of error, as follows:
(1) The trial court erred in denying the defendant's Motion to Suppress Evidence;
(2) The trial court erred in not sequestering Officer Mike Couvillon, who was designated as the State's case agent;
(3) The trial court erred in denying defendant's motion to suppress confessions or inculpatory statements allegedly made by defendant prior to his being read his Miranda rights;
(4) The trial court erred in allowing the introduction of marijuana into evidence, which was located only after defendant gave a statement to Officer Couvillon prior to being read his Miranda rights and is therefore fruit of an illegally obtained confession;
(5) The trial court erred in allowing Sergeant Couvillon to testify as an expert witness in the packaging and selling of marijuana and/or cocaine, as he was not properly qualified as an expert in this field; and
(6) The jury verdict, finding defendant guilty of possession of marijuana and cocaine with intent to distribute, is contrary to the law and evidence since there was not sufficient evidence produced to render this verdict.

ASSIGNMENT OF ERROR NUMBER 1
By this assignment of error, defendant alleges that the trial court erred in denying his Motion to Suppress Evidence.
A hearing on the motion was held on July 27, 1988 and the trial judge heard only argument from the State and defense counsel. Defendant argued that the search warrant was defective because the State had relied on a confidential informant who was untrustworthy. Defendant sought the testimony of Sergeant Michael Couvillon, the affiant on the search warrant application, but the trial judge did not allow defendant to call the officer to testify, believing that, once he found there was probable cause alleged within the four corners of the affidavit, the evidence was inadmissible.
Defendant earlier filed writs of certiorari and review in this court on this assignment of error. This court denied the writ stating that there was no error in the trial court's ruling. Pretrial determination by the appellate court of the admissibility of evidence does not absolutely preclude a different decision on appeal if after trial it is apparent that the determination was patently erroneous and produced unjust results. State v. Ondek, 584 So.2d 282 (La. App. 1 Cir.1991), writ den. 586 So.2d 539 (La.1991); Recon. den. 588 So.2d 1107 (La. 1991).
The evidence adduced at trial did not address these issues. Since no evidence was presented at trial which could have resulted in a different decision on appeal, judicial efficiency demands this court accord great deference to its pretrial decision denying defendant's motion to suppress.
This assignment of error lacks merit.

ASSIGNMENTS OF ERROR NUMBERS 2 AND 5
Assignments of error numbers 2 and 5 were not briefed and are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982); Uniform RulesCourts of Appeal, 2-12.4.

ASSIGNMENTS OF ERROR NUMBERS 3 AND 4
In assignment of error number 3, defendant contends that the trial court erred in denying his Motion to Suppress Confessions or Inculpatory Statements allegedly made by defendant because the statements were made to Officer Couvillon prior to the time defendant had been read his Miranda rights. In assignment of error number 4, which is closely related, defendant alleges that the trial court erred in allowing the introduction of marijuana into evidence since it was shown to Officer Couvillon before defendant's Miranda rights were read to him. Defendant claims this evidence *361 was the fruit of an illegally obtained confession.
At this second motion to suppress hearing on November 15, 1990, Officer Couvillon testified that, when he arrived at defendant's residence, he informed defendant that he had a search warrant to search the premises and presented defendant with a copy of the warrant. Officer Couvillon then asked defendant if he had any illegal drugs inside his residence. Defendant advised the officer that he did, told the officer to follow him into the bedroom, and showed the officer an ashtray containing green vegetable material and two joints. Defendant was then placed under arrest for possession of marijuana and was read his Miranda rights. After his rights were read, defendant then advised the officer that there was more marijuana inside the residence.
While Officer Couvillon was tagging the evidence, a fellow officer, Sergeant Broussard, found an "eight ball" of cocaine underneath a pillow in defendant's bedroom. Defendant stated that he had forgotten about it and then removed two packages of cocaine from his wallet.
When Officer Couvillon was asked whether defendant was the target of the investigation when the search warrant was obtained, he stated that the investigation was focusing on one-half pound of marijuana that was inside the residence believed to be owned by Lawrence Decuir and his wife. Officer Couvillon also testified that all of the statements made to him by defendant were free and voluntary. The defendant was not coerced in any way or placed under duress. Officer Couvillon stated that it was the first time he had executed a search warrant where the suspect was so cooperative.
The trial court denied the motion to suppress, "finding that the statements were given freely and voluntarily after being advised of his constitutional rights, and the others were not solicited." Defense counsel asked the court to reconsider its ruling, arguing that defendant was clearly a target in the investigation and no rights had been read to defendant when he was asked whether he had drugs inside his residence. The trial court reaffirmed its decision, stating that "the statements were given free and voluntarily at such time when the defendant was not arrested or detained for interrogation."
Defendant argues that, when Officer Couvillon entered his residence, the investigation passed the investigatory state and focused on the defendant. Defendant argues that he was detained from leaving his residence and deprived of his freedom of action. However, the State argues that the initial questioning was not a custodial interrogation, but an investigative one. Defendant voluntarily and without request showed the officers the location of some of the illegal drugs.
In State v. Thompson, 399 So.2d 1161 (La.1981), the court held that the determination of whether a detention is significant must be made objectively from the totality of the circumstances. Factors to be considered include: (1) whether the police officer had reasonable cause under La. C.Cr.P. art. 213(3) to arrest the interrogee without a warrant; (2) the focus of the investigation on the interrogee; (3) the intent of the police officer, determined subjectively; and (4) the belief of the interrogee that he was being detained, determined objectively. Whether or not there is a custodial interrogation under federal terminology or a significant detention under Louisiana terminology must be determined on a case by case basis. State v. Thomas, 460 So.2d 1069 (La.App. 2 Cir.1984), writ den. 464 So.2d 1374 (La.1985).
In this case, the investigation had begun to focus on defendant when Officer Couvillon asked him whether he had any illegal drugs inside his residence. State v. Watkins, 526 So.2d 357 (La.App. 4 Cir. 1988). This type of question goes beyond a general investigation and is likely to elicit an incriminating response. However, focus alone does not trigger the necessity for Miranda warnings. State v. Roach, 322 So.2d 222 (La.1975). Defendant bears the responsibility of establishing the unconstitutionality of the search and seizure. State v. Tamez, 506 So.2d 531 (La.App. 1 *362 Cir.1987). The record contains no evidence of statements or actions by the officers indicating that defendant was in custody or under restraint when the question was asked and there are no statements or actions by defendant indicating his reasonable belief that he was in custody or under significant restraint. Not only was there no attempt to hold or restrain defendant but Officer Couvillon also testified that he had never encountered such a cooperative suspect. Further, there was no extensive interrogation; Officer Couvillon asked only one question.
There is also no evidence that the officers had probable cause to arrest defendant without a warrant. And, assuming there was probable cause, nothing indicates that there was not time to obtain an arrest warrant since the officers were able to obtain a search warrant. The trial judge stated that the defendant was not detained for interrogation when Officer Couvillon asked him the question. Given the totality of the circumstances, the trial judge did not err in ruling that Miranda warnings were not required before asking defendant the question. Although the question was not asked, as the State suggests, in a period of general on-the-scene questioning as to facts surrounding a crime, the defendant was not significantly deprived of his freedom.
This assignment of error lacks merit.
Therefore, assignment of error number 4 is also without merit. Since it has been determined that the trial court did not err in holding that Miranda warnings were not required before defendant was asked whether he had any illegal drugs in his residence, then the marijuana should not have been suppressed as fruit of an illegally obtained confession. Also, there is nothing in the record to support defendant's contention that, since it was not until the marijuana was located and defendant was placed under arrest that any cocaine was found, the cocaine should likewise have been suppressed. As discussed previously, the marijuana was legally introduced into evidence and the cocaine was found after defendant had been read his Miranda rights.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 6
In this assignment defendant alleges that there was not enough evidence to prove that he possessed marijuana and cocaine with the intent to distribute.
When the issue of sufficiency of the evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). It is the role of the factfinder to weigh the respective credibilities of the witnesses and, therefore, the appellate court should not second-guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. State v. Richardson, 425 So.2d 1228 (La.1983).
In order for the State to obtain a conviction, it must prove the essential elements of the charged offenses, possession of marijuana with intent to distribute and possession of cocaine with intent to distribute, beyond a reasonable doubt. La.R.S. 40:966 A(1) provides:
"A. Manufacture; Distribution. Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule I;"
La.R.S. 40:967 A(1) provides:
"A. Manufacture; distribution. Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II;"
*363 Intent to distribute may be inferred from surrounding circumstances. State v. Jordan, 489 So.2d 994 (La.App. 1 Cir.1986). In State v. Segura, 546 So.2d 1347 (La.App. 3 Cir.1989), this court set forth the factors from which the intent to distribute marijuana may be inferred. These factors include evidence:
(1) that the defendant ever distributed or attempted to distribute any marijuana;
(2) that the marijuana was in a form usually associated with marijuana [or cocaine] possessed for distribution to others;
(3) that the amount was such as to create a presumption of intent to distribute;
(4) of expert or other testimony that such an amount as was found on the defendant is inconsistent with personal use only; and
(5) of any paraphernalia, such as baggies or scales, evidencing an intent to distribute.
Testimony shows that Officer Couvillon presented defendant with a copy of the search warrant for defendant's residence and asked defendant if he had any illegal drugs inside the residence. Defendant responded by leading Officer Couvillon into his bedroom and pointing out an ashtray containing two rolled cigarettes, and approximately one quarter ounce of green leafy vegetable material and a plastic bag on the nightstand. Defendant also pointed to a brown paper bag which contained a ski mask, a large plastic bag containing green vegetable material, a box of sandwich bags, a scale, and two small plastic bags broken down into quarter ounces. It was then that defendant was placed under arrest for possession of marijuana with intent to distribute and read his Miranda rights.
When Officer Broussard removed a pillow from defendant's bed and found a plastic bag containing a white powdery substance, defendant then took his wallet from his pants pocket and produced two small plastic bags which also contained a white powdery substance. The following items were also found in defendant's bedroom: a loaded .25 caliber automatic pistol; a Seal-A-Meal; an isotope powder, which is used as a cutting agent for cocaine; an item used to purify cocaine; a pipe used to smoke marijuana which had ashes in it; a large mirror; a roach clip; razor blades; scissors; straws; scales; a calculator; Vitamin B; and rolling papers and an item used to roll joints.
Officer Couvillon testified that, as a narcotics officer, he had seen a large mirror like defendant's and it was used to cut cocaine and to extend it. He had seen razor blades which were used by persons to divide cocaine for distribution or for preparation to distribute cocaine. The officer also explained that Vitamin B is used to cut or divide cocaine in preparation for distribution. He testified that he had seen a roller before and that the roller was used by a person who prepared 100 joints because the roller was faster. He testified that, when drugs are sold on the street, the drugs are weighed in plastic bags on a scale similar to the one found in defendant's residence. The sandwich bags are cut up and then sealed with a Seal-A-Meal.
David Epstein, a forensic chemist, testified that each piece of evidence he received tested positive for marijuana or cocaine. The first item that he tested for marijuana weighed five grams, including the plastic bag. Epstein estimated that twenty cigarettes could have been made from this amount since one gram of marijuana makes four cigarettes. Item number two, consisting of a large bag and two smaller bags, tested positive for marijuana and weighed 121 grams, including the weight of the bags themselves. The total amount of marijuana weighed in items one and two would produce almost 500 cigarettes.
In light of the items of evidence produced, a rational trier of fact could have found that defendant was guilty of possession of marijuana with intent to distribute.
Item number 3 was a partially burned hand-rolled cigarette and it tested positive for marijuana. Item number four tested positive for cocaine and weighed 3.13 grams. Item number five, two packets of white powder, tested positive for cocaine and had a total weight of 1.2 grams. Taking *364 into account the weight of the plastic, the packets contained approximately one-third of a gram of cocaine each. There are 28 grams in an ounce.
We next turn to the matter of defendant's conviction for possession of cocaine with intent to distribute. We believe that the element of intent to distribute was not proven beyond a reasonable doubt. In applying the factors set forth in State v. Segura, supra, there is no evidence that defendant ever distributed or attempted to distribute cocaine in the past. There was no cash and no records indicating past drug transactions. The cocaine, found in three plastic bags, weighed approximately 2.79 grams, or about one-tenth of an ounce. There was no testimony that such an amount is inconsistent with personal use only. However, there was testimony that the drug paraphernalia which was found is used by those who distribute or prepare to distribute cocaine.
In State v. McIntyre, 544 So.2d 86 (La. App. 3 Cir.1989), appeal after remand 567 So.2d 800 (La.App. 3 Cir.1990), defendant was found to be in the possession of slightly more than one-fourth of an ounce of cocaine and the only drug paraphernalia discovered was scales. This court held there was not enough evidence to prove the element of intent to distribute, even though the cocaine found on defendant was packaged in plastic bags. Although more drug paraphernalia was discovered in this case than in McIntyre, defendant in this case was in possession of an even smaller amount of cocaine.
Cocaine is a Schedule II controlled dangerous substance and possession of cocaine is a violation of La.R.S. 40:967(C). La.C.Cr.P. Art. 814(A)(49) provides that the verdict of guilty of possession of a controlled dangerous substance is a responsive verdict to the crime of possession of a controlled dangerous substance with intent to produce, manufacture, distribute or dispense, which was the verdict in this case. Even if the evidence does not support the crime charged, an appellate court may order judgment to be entered on a lesser included responsive verdict, where the evidence supports such conviction, and remand the matter for resentencing. State v. McIntyre, supra.
The evidence in this case supports the existence of every element of the crime of possession of cocaine and defendant's guilt of that crime. The jury implicitly found defendant guilty of that lesser and included crime by the verdict it rendered. Defendant's conviction and sentence of possession of cocaine with intent to distribute is set aside and the case is remanded to the trial court with instructions to enter a judgment of guilty of possession of cocaine against defendant and to sentence him accordingly.
For the above reasons, the defendant's conviction for the possession of marijuana with intent to distribute and the sentence imposed are affirmed. Further, defendant's conviction and sentence for possession of cocaine with intent to distribute is set aside and remanded to the trial court with instructions to enter a judgment of guilty of possession of cocaine and to sentence defendant accordingly.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
NOTES
[*] Judge Warren E. Hood, Retired, and Judge Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judges Pro Tempore.