643 So.2d 497 (1994)
STATE of Louisiana
v.
Dwayne MAGEE.
No. Cr93-643.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1994.
*498 William Thomas Babin, Lafayette, for the State of La.
G. Paul Marx, Lafayette, for Dwayne Magee.
Before GUIDRY, C.J., and DECUIR and PETERS, JJ.
GUIDRY, Chief Judge.
The defendant, Dwayne Magee, was charged by grand jury indictment with first degree murder, a violation of La.R.S. 14:30. Prior to trial, Magee sought to have a confession he had given to the authorities suppressed. The trial court denied the defendant's motion to suppress. Magee was later tried and convicted of first degree murder. He was sentenced to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. Magee appeals urging only that his confession should have been suppressed.

ERRORS PATENT
La.C.Cr.P. art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the three-year prescriptive period for seeking post-conviction relief. The court did not so inform the defendant. This defect is not grounds to reverse the sentence nor to remand the case for resentencing. La.C.Cr.P. art. 921. The three-year prescriptive period does not begin to run until the judgment is final. La.C.Cr.P. arts. 914-922. Accordingly, the trial court is directed to inform the defendant of the provisions of Article 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received *499 the notice in the record of these proceedings. See State v. Reeves, 613 So.2d 1061 (La.App. 3rd Cir.1993), writ denied, 619 So.2d 543 (La.1993).

ASSIGNMENT OF ERROR
Defendant contends that the trial court erred in failing to suppress his confession.
In a prior writ application, Magee sought review of the trial court's denial of his motion to suppress. State v. Magee, an unpublished writ bearing docket number K91-511 (La. App. 3rd Cir., June 7, 1991). This court rejected Magee's assertion that the trial court erred in denying his motion to suppress, finding that the evidence presented supported the trial court's conclusion that the defendant's statement was voluntary.
The prior denial of supervisory writs does not bar reconsideration of an issue on appeal, nor does it prevent the appellate panel from reaching a different conclusion. State v. Fontenot, 550 So.2d 179 (La.1989); State v. Decuir, 599 So.2d 358 (La.App. 3rd Cir.1992), writ denied, 605 So.2d 1095 (La. 1992). When a defendant does not present any additional evidence on this issue after the pre-trial ruling, the issue can be rejected on appeal. See, e.g., State v. Regan, 601 So.2d 5 (La.App. 3rd Cir.1992), writ denied, 610 So.2d 815 (La.1993); State v. Wright, 564 So.2d 1269 (La.App. 4th Cir.1989). Judicial efficiency demands that this court accord great deference to its pre-trial decision unless it is apparent that the determination was patently erroneous and produced unjust results. State v. Decuir, supra, at 360.
Magee argues on appeal that the prosecuting attorney induced him to make a confession by misleading him into believing that the State's case was very strong and that a confession would be insignificant. The defendant asserts that, as it turned out, his confession was a vital part of the State's case and that he would not have given the confession had he not been given the impression that the confession was insignificant.
The trial court's conclusions on the credibility and weight of testimony relating to the voluntariness of a confession for the purpose of admissibility will not be overturned on appeal unless they are not supported by the evidence. State v. Hutto, 349 So.2d 318 (La.1977). A confession is not rendered inadmissible by the fact that law enforcement officials exhort or adjure an accused to tell the truth provided that the exhortation is not accompanied by an inducement in the nature of a threat or one which implies a promise of reward. State v. Mullins, 353 So.2d 243 (La.1977).
At the hearing on the defendant's motion to suppress, Detective Conrad Kirsch testified that he arrested defendant on a warrant for first degree murder. After being booked in jail and advised of his rights, Magee stated that he wanted to give a statement in the presence of an assistant district attorney. Detective Kirsch and Assistant District Attorney, Michael Harson, were present while the defendant gave a video-taped statement.
Harson testified at the suppression hearing as follows with respect to the comments he made to Magee just prior to Magee confessing:
And I said, well, I wasn't going to make any deals because I said the case, you know, the evidence I saw in the case is probably enough that we could go on, but I said if you wanted to give a statement that he's welcomed to give a statement and that I wasn't going to make any promises, I wasn't going to promise any leniency, I wasn't going to promise any deals or anything.
* * * * * *
My basic position at the time was, and something that I more or less conveyed to him, was that I felt that the evidence that we had now was probably enough to win the case, so it wasn't aI didn't have a great incentive for wanting to do anything on it, because I mean I felt I had enough toI probably could convict him at that time anyway.
Later in his testimony, Harson conceded that the defendant's confession was "a very important bit of evidence insofar as linking him to the crime ... a very large piece of evidence".
*500 Certainly, it was not inappropriate for Harson to be involved in the interrogation process. It is not improper for a prosecutor to interview a suspect after his arrest. See State v. Bennett, 341 So.2d 847 (La.1976).
Our careful review of Harson's testimony convinces us that he made no express or implied promise to Magee which could have served as an inducement for Magee to confess.
Additionally, the record reveals that Magee was advised of his Miranda rights on at least three occasions while in the custody of authorities. Magee testified that after Detective Kirsch brought him to the Sheriff's office, he asked about having an attorney. According to the defendant, Detective Kirsch answered his request by noting that an attorney would just tell him not to give a statement. Detective Kirsch disputed the defendant's claim that he had requested an attorney. Detective Kirsch testified that Magee never asked for an attorney but only to speak to a prosecutor. The defendant acknowledged in his testimony that he did not request an attorney while in the presence of Harson.
We find that the record strongly supports the trial court's determination that the defendant was not coerced into confessing nor was he induced to confess by any promises of reward. Hence, we find no error in the trial court's ruling.
For the above and foregoing reasons, the defendant's conviction and the sentence imposed are affirmed. The district court is directed to inform Magee of the La.C.Cr.P. art. 930.8 three-year prescriptive period for seeking post-conviction relief by sending appropriate written notice to the defendant within ten days of the rendition of this opinion. The district court must file, in the record of this proceeding, written proof that the defendant received the notice.
AFFIRMED.