# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-864

STATE OF LOUISIANA

VERSUS

KEVIN CHARLES GASAWAY

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 3817-05
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

************

## PHYLLIS M. KEATY
## JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

John F. DeRosier
District Attorney
Carla S. Sigler
Assistant District Attorney
1020 Ryan Street
Lake Charles, Louisiana 70601
(337) 437-3400
Counsel for:
        State of Louisiana

Mark O. Foster
Louisiana Appellate Project
Post Office Box 2057
Natchitoches, Louisiana 71457
(318) 572-5693
Counsel for Defendant/Appellant:
        Kevin Charles Gasaway

**KEATY, Judge.**

This matter comes before us on an appeal from a trial court's judgment pursuant to a motion to recuse. Defendant, Kevin Charles Gasaway, asserts that Judge Todd Clemons, randomly assigned to preside over a pre-trial recusal hearing, erred in denying Defendant's motion to recuse Judge David A. Ritchie, the judge allotted to preside over a murder trial in which Gasaway was the defendant. For the following reasons, we find that the appeal has no merit, and we dismiss.

Courtnee Lewis was murdered on December 14, 2004. Immediately before the fatal shot was fired, her ten-year-old daughter witnessed Courtnee's estranged husband, Defendant, hitting her, dragging her through shattered glass, brandishing a gun, and threatening to kill her. After the shot was fired, neighbors saw a black male run away from the home and were able to describe the clothing he was wearing. The next day, Defendant was arrested on the suspicion that he had killed Courtnee, and, during the trip to the jail, he made self-incriminating statements, including an admission that he had killed Courtnee.

On February 3, 2005, Defendant was charged by indictment with first degree murder, in violation of La.R.S. 14:30. He entered a plea of not guilty on March 14, 2005. On December 5, 2005, the indictment was amended to charge Defendant with second degree murder, and, again, Defendant entered a plea of not guilty.

On January 31, 2007, the State filed a notice under La.Code Evid. art. 404(B) of its intent to introduce evidence of other crimes as Defendant had previously been convicted of perpetrating violence against Courtnee Lewis. On May 16, 2007,

1

following a *Prieur*[1] hearing, Judge Ritchie granted the State's motion over the objection of defense counsel.

On October 19, 2007, Defendant filed a motion to recuse Judge Ritchie, the trial judge. In his motion, Defendant made three allegations against Judge Ritchie which he claimed were sufficient to warrant Judge Ritchie's recusal pursuant to La.Code Crim.P. art. 671.[2] These allegations were: 1) that Judge Ritchie was associated with the Public Defender's Office (PDO) when it represented him in three criminal matters which the State planned on introducing during the pending trial; 2) that Judge Ritchie personally represented him in a separate criminal matter that would not be introduced as evidence of other crimes; and 3) that Judge Ritchie had personally represented Barbara Lee, a witness and a complainant in an incident giving rise to one of the three prior convictions that would be introduced as evidence of

---

[1] In *State v. Prieur*, 277 So.2d 126 (La.1973), the Louisiana Supreme Court set forth safeguards to be applied when the State intends to offer evidence of other criminal offenses under exceptions to the "other crime" exclusionary rule.

[2] Louisiana Code of Criminal Procedure Article 671, entitled "Grounds for recusation of judge" provides, in pertinent part, as follows:

> A. In a criminal case a judge of any court, trial or appellate, shall be recused when he:
>
> (1) Is biased, prejudiced, or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial;
>
> (2) Is the spouse of the accused, of the party injured, of an attorney employed in the cause, or of the district attorney; or is related to the accused or the party injured, or to the spouse of the accused or party injured, within the fourth degree; or is related to an attorney employed in the cause or to the district attorney, or to the spouse of either, within the second degree;
>
> (3) Has been employed or consulted as an attorney in the cause, or has been associated with an attorney during the latter's employment in the cause;
>
> (4) Is a witness in the cause;
>
> (5) Has performed a judicial act in the case in another court; or
>
> (6) Would be unable, for any other reason, to conduct a fair and impartial trial.

2

other crimes during the pending trial. Judge Ritchie denied Defendant's motion on the same date. Defendant withdrew his former plea and entered a plea of not guilty and not guilty by reason of insanity.[3]

Defendant filed a notice of intent to seek review of Judge Ritchie's denial of the motion to recuse on October 26, 2007. On November 14, 2007, Defendant filed an application for writ of supervisory review with this court. We issued the following ruling on November 21, 2007: "**WRIT DENIED**: The trial court did not err by denying Defendant's motion to recuse. *See State v. Connolly*, 06-540 (La. 6/2/06), 930 So.2d 951; *See also State v. Mayeaux* [sic], 06-944 (La.App. 3 Cir. 1/10/07), 949 So.2d 520." *State v. Gasaway*, an unpublished writ ruling bearing docket number 07-1447 (La.App. 3 Cir. 11/21/07).

On January 3, 2008, the supreme court reversed this court's ruling, stating: "Writ granted—the ruling of the trial court is vacated and the motion to recuse is remanded to the district court for hearing before another judge or a judge ad hoc as provided in La.C.Cr.P. art. 674 & 675." *State v. Gasaway*, 07-2456 (La. 1/3/08), 973 So.2d 722.

Subsequent to the supreme court's decision, Judge Ritchie ordered that the motion to recuse be randomly re-allotted to another judge. Judge Clemons became the presiding judge for purposes of determining whether Judge Ritchie should be recused. During the course of the April 2, 2008 hearing, Judge Clemons heard testimony from Judge Ritchie and from Ron Ware, the executive director of the PDO. He also heard argument from the attorney for Defendant and the attorney for the State. At the end of the hearing, Judge Clemons took the case under advisement and

---

[3]Several sanity commissions were appointed to examine Defendant, and, after each examination, he was found competent to proceed to trial.

indicated that he would make his ruling in open court on April 4, 2008. At that time, however, Judge Clemons still was not ready to rule. He stated, "I gave this a lot of consideration. . . . I mean it is a serious decision. The man is facing some serious charges, and like I said, I thought I was ready to rule but I'm just not ready." Judge Clemons gave the attorneys the option of submitting additional briefs and reset the matter for the following Wednesday, April 9, 2008.

On April 9, 2008, after considering the briefs submitted to the court, the testimony of the witnesses, and the arguments of counsel, Judge Clemons denied Defendant's motion to recuse. He found no evidence that Judge Ritchie was biased, prejudiced, or personally interested in the outcome of Defendant's pending second-degree murder case. Judge Clemons based his decision on his finding that although Judge Ritchie was employed by the PDO during 2003, he was not associated *in this cause*.[4]

Defendant filed a notice of intent to seek review of Judge Clemons's ruling on April 16, 2008, and his application for writ of supervisory review was filed with this court on May 9, 2008. On May 30, 2008, we issued the following ruling: "**WRIT DENIED**: There is no error in the denial of the Defendant's motion to recuse the trial judge." *State v. Gasaway*, an unpublished writ ruling bearing docket number 08-587 (La.App. 3 Cir. 5/30/08), *writ denied*, 08-1457 (La. 10/3/08), 992 So.2d 1016.

The indictment against Defendant was again amended on December 1, 2009, to reflect the second degree murder statute, La.R.S. 14:30.1; the body of the bill was amended to reflect that: "he did commit second degree murder of Courtnee Lewis

---

[4]Judge Clemons, in explaining why he denied Defendant's motion to recuse, stated, "in this cause does not include the *Prieure* [sic] evidence that occurred in 2003; and therefore, there are not grounds to recuse."

4

when the defendant had the specific intent to kill or inflict great bodily harm." After the amendment, Defendant entered a plea of not guilty and not guilty by reason of insanity. Trial by jury subsequently commenced on December 4, 2009. On December 7, 2009, Defendant was found guilty of second degree murder. On January 8, 2009, he was sentenced to serve life imprisonment without benefit of probation, parole, or suspension of sentence.

A motion for appeal was filed on January 15, 2010, and was subsequently granted. Defendant is now before this court asserting one assignment of error. Therein, he contends that Judge Clemons erred in denying his motion to recuse Judge Ritchie. This assignment of error lacks merit.

### ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, there are no errors patent.

### DISCUSSION

In his only assignment of error, Defendant contends that Judge Clemons erred in denying his motion to recuse Judge Ritchie.

Although the trial court's ruling was addressed in a pre-trial writ application filed by Defendant, he alleges that this court's prior ruling was patently erroneous and produced an unjust result. Defendant contends that the jurisprudence is clear that La.Code Crim.P. art. 671(A)(3) applies when a trial judge was counsel for a defendant for prior crimes that were used as other crimes evidence at trial.

5

Defendant asserts that throughout 2003, he was charged with at least the following four bills of information arising from confrontations with the decedent, Courtnee Lewis. The charges against him were:

1. An April 19, 2003 offense of simple battery of his wife, Courtnee Gasaway, in Fourteenth Judicial District Court, Docket Number 8875-03.

2. An April 23, 2003 offense of simple battery of his wife, Courtnee Gasaway, and violation of a protective order, in Fourteenth Judicial District Court, Docket Number 8876-03.

3. June 5, 2003 offenses of simple battery and false imprisonment of his wife, Courtnee Gasaway, and violation of a protective order, in Fourteenth Judicial District Court, Docket Number 8877-03.

4. The offenses of simple battery of his wife, Courtnee Gasaway, unauthorized use of a movable involving an automobile, and violation of a protective order, in Fourteenth Judicial District Court, Docket Number 8878-03.

Defendant contends that the PDO was appointed to represent him in this cause, and, at the time, Judge Ritchie was employed by the PDO. Additionally, Defendant contends that Judge Ritchie was assigned to Docket Number 8878-03 and represented Defendant in the matter before it was dismissed.[5] Defendant further contends that Docket Number 8878-03 was dismissed and he entered a guilty plea in the remaining docket numbers.

Defendant contends that he was entitled to conflict-free counsel under the Sixth Amendment. According to Defendant, that right includes not having the PDO represent him in the four cases charged in 2003 and then having Judge Ritchie preside over the admissibility of three of those same cases in his 2004 murder case.

---

[5]Docket Number 8878-03 is not one of the prior crimes the State intended to introduce against Defendant in the 2004 murder trial.

Defendant further contends that Judge Clemons erred in finding that La.Code Crim.P. art. 671(A)(3) did not apply because Judge Ritchie was present in name only and was not actually associated with the PDO because he was actively campaigning for judge at the time. This was the same argument he made in his application for supervisory writs to this court in May of 2008 and to the supreme court in July of 2008.

In arguing that the trial court did not err in denying Defendant's motion to recuse, the State points to this court's decision in *State v. Pierce*, 01-94, p. 11 (La.App. 3 Cir. 10/31/01), 799 So.2d 732, 740, *writ denied*, 01-3312 (La. 1/10/03), 834 So.2d 427, wherein we noted the following:

> In *State v. Edwards*, 420 So.2d 663, 673 (La.1982), the supreme court stated:
>
> > It is well settled that a trial judge is presumed to be impartial. *State v. Collins*, 288 So.2d 602 (La.1974). For an accused to be entitled to the recusation of a trial judge on the grounds of bias, prejudice and personal interest such bias, prejudice and personal interest must be of a substantial nature based on more than mere conclusory allegations. *State v. Qualls*, 377 So.2d 293 (La.1979).
>
> In *State v. Chambers*, 99-678, p. 3 (La.App. 3 Cir. 1/19/00), 758 So.2d 231, 233, *writ denied*, 00-551 (La. 9/22/00), 768 So.2d 600, this court stated the following:
>
> > A defendant may seek review of a pretrial ruling by the trial court even after the denial of a pretrial supervisory writ application seeking review of the same issue.
> >
> > The prior denial of supervisory writs does not bar reconsideration of an issue on appeal, nor does it prevent the appellate panel from reaching a different conclusion. *State v. Fontenot*, 550 So.2d 179 (La.1989); *State v. Decuir*, 599 So.2d 358 (La.App. 3 Cir.1992), *writ denied*, 605 So.2d 1095 (La.1992). When a defendant does not present any additional evidence on this issue after the pretrial ruling, the issue can be rejected on appeal. *See, e.g., State v. Regan*, 601 So.2d 5 (La.App. 3 Cir.1992), *writ*

7

> *denied*, 610 So.2d 815 (La.1993); *State v. Wright*, 564
> So.2d 1269 (La.App. 4 Cir.1989). Judicial efficiency
> demands that this court accord great deference to its pre-
> trial decision unless it is apparent that the determination
> was patently erroneous and produced unjust results. *State
> v. Decuir*, *supra*, *at* 360.

*State v. Hebert*, 97-1742 (La.App. 3 Cir. 6/3/98); 716 So.2d 63, 67, *writ
denied*, 98-1813 (La.11/13/98); 730 So.2d 455, *citing State v. Magee*,
93-643, p. 2 (La.App. 3 Cir. 10/5/94); 643 So.2d 497, 499.

Defendant presents no new arguments to this court on appeal. In accordance

with *State v. Decuir*, 599 So.2d 358, we must accord great deference to our pre-trial

ruling. After reviewing the record in detail, including Judge Clemons's reasons for

ruling, it is clear that he thoroughly considered all law, testimony, and evidence

presented to him before making a determination on the issue of Judge Ritchie's

recusal. As it is not apparent that this court's prior ruling is patently erroneous, we

find that Defendant's assignment of error lacks merit, and we affirm Judge Clemons's

ruling on the recusal of Judge Ritchie.

## DECREE

For the foregoing reasons, the judgment of the trial court denying Defendant's

motion to recuse Judge David A. Ritchie is affirmed.

**AFFIRMED**.

8