CALOGERO, Justice.
Defendant, Mack Lee Demery, was charged with aggravated rape, a capital offense. La.R.S. 14:42. After a trial by jury, on August 21, 1974, he was found guilty of attempted aggravated rape. He was sentenced to serve 20 years at hard labor. On appeal, he relies upon one bill of exceptions for a reversal of his conviction and sentence.
Before the trial court instructed the jury, defendant objected to the proposed charge on the ground that it included the responsive verdicts of attempted aggravated rape and simple rape. Defendant argued that these responsive verdicts are unconstitutional in that they violate the 8th and 14th Amendments of the United States Constitution, and the Louisiana Constitution. He did not further embellish these arguments at the time the objection was made. He does, however, set forth his argument in brief. It is essentially to the effect that there was no evidence admitted at trial to show an unsuccessful attempt to commit aggravated rape. He argues that the evidence at trial simply proved without question the successful perpetration of the crime of aggravated rape. He suggests that the only issue was whether defendant *875 was one of the persons who committed rape upon the victim.
There is no merit in this argument, First of all, statutorily, attempted aggravated rape is a lesser included and responsive verdict to aggravated rape. Article 814, C.Cr.P. Furthermore, simple logic suggests, as the whole encompasses all of its parts, that aggravated rape includes an attempt at same.[1]
There are no other prefected bills or assignments of error or error discoverable from a review of the pleadings and proceedings.
Accordingly, the conviction and sentence herein is affirmed.

. Our finding in this case is consistent with the rationale in the jurisprudence found in State v. Miller, 237 La. 266, 111 So.2d 108 (1959), where simple rape was found to be responsive to aggravated rape; State v. Broussard, 217 La. 90, 46 So.2d 48 (1950), where attempted simple rape was found responsive to attempted aggravated rape; and, State v. Stanford, 204 La. 439, 15 So.2d 817 (1943), where negligent homicide was found responsive to a charge of manslaughter.