449 So.2d 486 (1984)
STATE of Louisiana
v.
Charles HENRY.
No. 83-K-2272.
Supreme Court of Louisiana.
April 2, 1984.
Rehearing Denied May 3, 1984.
Bernard E. Burk, New Orleans, for applicant.
*487 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Louise Korns, Steve Wimberly, William C. Credo, III, Andrea M. Price, Asst. Dist. Attys., for respondent.
WATSON, Justice.
Defendant, Charles Henry, was convicted by a jury of the aggravated rape of an eight year old girl on October 9, 1981. LSA-R.S. 14:42.[1] Defendant was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence, and the Court of Appeal affirmed the conviction and sentence. State v. Henry, 439 So.2d 1242 (La.App. 5 Cir.1983). A writ was granted to consider whether there was reversible error in the trial court's failure to charge the jury that forcible rape was a responsive verdict. 443 So.2d 599 (La., 1983).

FACTS
The relevant facts are contained in the testimony of the eight year old victim. Charles Henry, thirty-one years old at the time of trial, was living with her mother. During the mother's absence: "Charles put my underwear to the side and he got on top of me and he started humping on me." (Tr. 161) According to her testimony, he put his "thing" in her front on one occasion and in her backside on another. (Tr. 166) Approximately ten days later, a medical examination revealed that her vaginal and rectal areas were red and tender, but there were no other marks on her body. There was a tear measuring between an eighth and a quarter of an inch in the "hymen ring" which was healing at the time of the examination. (Tr. 114)

CONCLUSION
LSA-C.Cr.P. art. 814 lists forcible rape as a responsive verdict to aggravated rape. LSA-C.Cr.P. art. 803 provides: "[w]hen a count in an indictment sets out an offense which includes other offenses of which the accused could be found guilty under the provisions of Article 814 or 815, the court shall charge the jury as to the law applicable to each offense."[2]
Forcible rape is defined in LSA-R.S. 14:42.1 as a rape where "the victim is prevented from resisting the act by force or threats of physical violence." While some "force" or strength is inherent in the act of rape, the force contemplated by the forcible rape statute is that which coerces the victim's consent and prevents his or her resistance. There was no evidence that this child was overcome by force or threats of physical violence. The age difference was sufficient. If a forcible rape charge had been given, there was a possibility that the jury would have returned that verdict despite lack of proof of one of its elements.
On the question of responsive verdicts, defense counsel stated:
"I did not know whether the lesser included offenses are the lesser included offense. I left it up to the judge to properly charge the jury. If I have to make an objection just to preserve my record, I do so. I don't know whether it is correct or not. I'm not suggesting it is incorrect. I just don't know and I *488 don't want to waive any rights my client may have." (Tr. 238-239)
LSA-C.Cr.P. art. 801 provides in pertinent part:
"A party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error. The nature of the objection and grounds therefor shall be stated at the time of objection."
LSA-C.Cr.P. art. 841 provides in pertinent part:
"An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.... It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor."
Counsel's failure to specify the ground of his objection to enable the court to cure the error should prevent him from raising the issue on appeal. State v. Thomas, 427 So.2d 428 (La., 1983); State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La., 1982). Compare State v. Dufore, 424 So.2d 256 (La., 1982).
Even if the unspecified objection were valid, any defect in not including forcible rape in the charge to the jury did not affect substantial rights of the accused. LSA-C. Cr.P. art. 921.[3]State v. Dauzat, 392 So.2d 393 (La., 1980) held that "evidence offered to support a conviction for a greater offense will not necessarily and automatically support a conviction for a lesser offense which has been made responsive by legislative action." 392 So.2d at 396. See State v. Booker, 385 So.2d 1186 (La., 1980). In Dauzat, the conviction was reversed when the jury found defendant guilty of a statutory responsive verdict which was not supported by the evidence. Defendant was charged with attempted second degree murder and found guilty of aggravated battery, but there was no evidence of an essential element of battery, physical contact.
If the trial court had instructed on forcible rape and if Charles Henry had been convicted of forcible rape, this court would be required to reverse. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When there is a conflict between a statute and defendant's constitutional rights, the statute must yield. Therefore, the defendant cannot now complain of the trial court's protecting his constitutional rights.
Dauzat stated that it was trial error for the court to read the jury the responsive verdicts listed in LSA-C.Cr.P. art. 814 "without instructing them that aggravated battery would not be an appropriate responsive verdict where there was no evidence to support that charge." 392 So.2d at 397. Hence, if the trial court here had given a charge on forcible rape, the court would also have been required to charge the jury that there was no evidence to support a charge of forcible rape.[4] Thus, this defendant could not have benefited from inclusion of the responsive verdict of forcible rape and was not prejudiced by its omission. The jury was charged that simple rape was a responsive verdict and had the option of finding defendant guilty of a lesser offense.
Moreover, although the court must charge the jury of the law applicable to lesser included offenses under LSA-C.Cr.P. art. 803, the charges must be pertinent; there must be evidence which would support a conviction of the lesser offenses. *489 LSA-C.Cr.P. art. 807;[5]State v. Anderson, 390 So.2d 878 (La., 1980); State v. Toomer, 395 So.2d 1320 (La., 1981). A trial judge is required "to charge the jury as to the law applicable to the case, under which he is required to cover every phase of the case supported by the evidence, whether or not accepted by him as true." (Emphasis supplied). State v. Marse, 365 So.2d 1319 at 1323 (La., 1978). See State v. Mead, 377 So.2d 79 (La., 1979). A comment at 17 La.L.Rev. 211 points out that LSA-C.Cr.P. art. 803 can reasonably be interpreted as requiring only those charges of which the accused can be found guilty under the indictment and the evidence.[6]
The majority of other jurisdictions provide that there is no duty to instruct on lesser included offenses in the absence of evidence tending to prove such offenses. "[D]ue process requires that a lesser included offense instruction be given only when the evidence warrants such an instruction. The jury's discretion is thus channelled so that it may convict a defendant of any crime fairly supported by the evidence." Hopper v. Evans, 456 U.S. 605 at 611, 102 S.Ct. 2049 at 2053, 72 L.Ed.2d 367 at 373 (1982).
Since the jury could not rationally have convicted Henry of forcible rather than aggravated rape, a charge on forcible rape was not required. Another compromise verdict, simple rape, was available to the jury. Failure to charge the jury that forcible rape was a responsive verdict did not prejudice any of Henry's substantial rights, and his counsel did not comply with the contemporaneous objection rule.
For the foregoing reasons, the judgment of the Court of Appeal upholding defendant's conviction and sentence is affirmed.
AFFIRMED.
LEMMON, J., concurs and will assign reasons.
DIXON, C.J., dissents.
CALOGERO, J., dissents and assigns reasons.
CALOGERO, Justice, dissenting.
La.C.Cr.P. art. 802 requires that the court "shall charge the jury: (1) As to the law applicable to the case." At the time of the offense in this case, La.C.Cr.P. art. 814(A)(8) included forcible rape and attempted forcible rape as responsive verdicts to the charge of aggravated rape.
The trial judge did not instruct the jury on forcible rape or attempted forcible rape. Defense counsel voiced an objection before the jury returned its verdict.
For these reasons, I respectfully dissent.
NOTES
[1] LSA-R.S. 14:42 provides in pertinent part:

"Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
* * * * * *
"(4) Where the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense.
"Whoever commits the crime of aggravated rape shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence."
[2] LSA-C.Cr.P. art. 814 was amended by Act No. 763 of 1982 to add subsection C. as follows:

"C. Upon motion of the state or the defense, the court may, in its discretion, exclude a responsive verdict listed in Subarticle A if after all the evidence has been submitted there is no evidence to establish that responsive verdict."
Here, there was no motion by the state or the defense to exclude forcible rape as a responsive verdict. However, the prosecutor argued that no force was used and might have made such an objection if the amendment had been in effect.
[3] LSA-C.Cr.P. art. 921 provides:

"A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused."
[4] However, following this dictate of Dauzat would probably result in a prohibited comment on what had been proved or not proved. LSA-C.Cr.P. art. 806.
[5] LSA-C.Cr.P. art. 807 provides:

"The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.
"A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given."
[6] LSA-R.S. 15:386, the article discussed in the law review, is the source of present art. 803 and the official revision comment states that art. 803 makes no change in the law.