STOKER, Judge.
The defendant, James C. Barham, was charged by bill of indictment with, the crime of aggravated rape, a violation of La.R.S. 14:42. He pleaded not guilty and on December 7-9, 1983, was tried in a jury trial and found guilty of forcible rape, a violation of La.R.S. 14:42.1, by a ten to two vote. The defendant was sentenced to serve a term of twelve years in the custody of the Department of Corrections, with at least two years of the sentence to be served without benefit of parole, probation, or suspension of sentence.
FACTS
The facts of this case are taken from the briefs filed by the parties because a complete transcript was not submitted to this court.
The victim, Elizabeth McCurdy, age thirteen, testified that she was raped by the defendant (her stepfather), during a water-skiing trip to English River Bayou. The victim and the defendant, along with the victim’s brother, William McCurdy, age twelve, and another friend, Patrick Collins, skied for a few hours, whereupon the defendant and the victim left together in a *882 boat. After rounding a bend to a secluded area of the bayou, the defendant forced the victim to have sexual relations with him despite her resistance.
ASSIGNMENT OF ERROR
Defendant’s only assignment of error is that the trial court erred in refusing to grant defendant’s motion for a mistrial when the State elicited testimony of alleged prior sexual acts of the defendant with the same prosecutrix despite lack of notice of the State’s intent to use such evidence and the lack of a Prieur hearing.
In State v. Prieur, 277 So.2d 126 (La. 1973), the Supreme Court held that when the State intends to offer evidence of other criminal offenses under the exceptions outlined in R.S. 15:445 and 456, the State must give notice in writing of the acts or offenses it intends to offer. However, in this case the State did not offer evidence of another crime. The testimony complained of is at pages 115-116 of the record:
“Q _ Now, you were talking earlier, William, about going out on English Bayou the day before, is that right?
A Yes, sir.
Q Okay. How long were y’all out on that date?
A Almost all day then.
Q Y’all just skiied (sic) on that date?
A We ... yes, sir, most of the day.
Q Did you play any other games?
A Yes, sir.
Q What was that?
A He would take our shorts ... our swimming trunks and stuff, and he would give it to the other person, and make us fight, trying to get it back.
Q Your swimming trunks?
MR. MOONEY: Your Honor ...
A Yes, sir.
MR. MOONEY: Excuse me, Your Honor, I’m going to object to this line of questioning. I see no relevance whatsoever to it.
MR. BRYANT: I think it’s extremely relevant, Your Honor.
THE COURT: Overruled.
Q Did he take Lisa’s swimming trunks off?
A Yes, sir.
Q He took yours off?
A Yes, sir.
Q And who thought of that game?
A It was him — James.”
The defendant moved for a mistrial a few moments later.
The testimony complained of does not show a violation of LSA-R.S. 14:106, 14:42, 14:42.1, 14:43, 14:43.1, 14:80, 14:81.2, 14:89, or 14:89.1. Neither is it a violation of 14:81, indecent behavior with juveniles, as the defense argued at trial. LSA-R.S. 14:81 provides, in pertinent part:
“A. Indecent behavior with juveniles is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child’s age shall not be a defense.”
Defendant’s conduct, in which he required the children to remove their swimming suits and forced them to engage in a sort of game, was reprehensible, but it did not constitute criminal conduct. Such conduct could not form the basis for prosecution based upon a lewd and lascivious act upon the person with the intent of arousing or gratifying the sexual desires of either person.
The testimony was relevant to show the defendant’s prurient interest in the rape victim. The incident is not so attenuated in place or time so as to be entirely unconnected with the commission of the offense for which the defendant was convicted. We cannot say the prejudice created by the testimony outweighs its probative value.
*883 The assignment of error lacks merit and defendant’s conviction is affirmed.
AFFIRMED.