601 So.2d 5 (1992)
STATE of Louisiana, Plaintiff-Appellee,
v.
Jude L. REGAN, Defendant-Appellant.
No. CR 91-877.
Court of Appeal of Louisiana, Third Circuit.
May 20, 1992.
Rehearing Denied July 8, 1992.
*6 L. Daniel Bishop, Jr., Lake Charles, for defendant-appellant.
Michael Cassidy, Dist. Atty., Jennings, for plaintiff-appellee.
Before YELVERTON and KNOLL, JJ., and MARCANTEL,[*] J. Pro Tem.
KNOLL, Judge.
Defendant, Jude L. Regan, was convicted by a jury for driving while intoxicated, fourth offense, a violation of LSA-R.S. 14:98. Defendant was sentenced to ten years at hard labor, six years of which were suspended, and he was placed on three years supervised probation. Defendant appeals relying on four assignments of error. We affirm.

FACTS
On October 11, 1989, Officer Charles Perrin of the Jennings City Police stopped defendant's passenger truck at 3:58 a.m. after he observed it cross the center line twice within a distance of two blocks.
Defendant slowly exited the truck, holding the top of the driver's door, and walked slowly to Officer Perrin's police unit. In speaking to defendant, Officer Perrin detected a strong odor of an alcoholic beverage on defendant's breath. Officer Perrin then had defendant perform a series of field sobriety tests: defendant was unable to walk toe to heel, lost his balance at approximately two-thirds of the way *7 through the one leg stand, hesitantly completed the hand-nose touch, and recited his ABC's twice, commencing his recitation the first time on the wrong letter.
Sgt. Kenneth Guidry, another Jennings Police Officer, arrived at the scene to back up Officer Perrin, and requested defendant to perform the horizontal gaze nystagmus test. Sgt. Guidry found that defendant's performance of this test was positive for intoxication.
Officer Perrin then arrested defendant for driving while intoxicated, and transported him at 4:16 a.m. to the police station. Defendant was placed in the rear seat of the patrol car on the passenger side of the vehicle, and was visible to Officer Perrin through the rear view mirror. Officer Perrin testified that between 3:58 a.m. and 4:20 a.m., the time they arrived at the police station and defendant's custody was transferred to Officer Ricky Benoit, defendant did not smoke, eat, drink, go to the bathroom, belch, regurgitate or vomit.
Officer Benoit had custody of defendant from 4:20 a.m. to 4:29 a.m., the time the intoxilyzer test began. Like Officer Perrin, Officer Benoit testified that while he observed defendant, defendant did not smoke, eat, drink, go to the bathroom, belch, regurgitate or vomit. Defendant's test result from the intoxilyzer was .199 grams percent.
Based on the test result of October 11, 1989, and defendant's three prior DWI convictions, defendant was charged with driving while intoxicated, fourth offense.
Prior to trial, defendant filed a motion to suppress the results of the intoxilyzer test. Finding that the State failed to prove that defendant was under observation for 15 minutes prior to administering the test, the district court suppressed the test results. In an unpublished writ ruling, we reversed the district court's suppression of the test results.

MOTION TO SUPPRESS
Defendant urges us to reconsider our reversal of the trial court's suppression of the Intoxilyzer 5000 test results. Defendant argues that there was not a fifteen minute period of observation prior to his testing because en route to the police station he belched.
Generally, an appellate court will not review issues which it has previously considered under its exercise of supervisory jurisdiction where no new evidence has surfaced since the court first ruled. State v. Taylor, 550 So.2d 712 (La.App. 2nd Cir.1989), writ denied, 556 So.2d 54 (La. 1990).
When we first examined this issue, defendant had not testified. At trial, for the first time, defendant stated that he belched while being transported from the place of his arrest to the police station. Since this is new evidence which was not considered by us in our writ ruling, we shall address defendant's assignment of error, but only to this extent.
Implied in defendant's argument is that Officer Perrin's observation of him while he traveled to the police station did not meet the requirements established in the administrative rules adopted for administering the intoxilyzer test.
The regulation does not require constant observation by one individual for the requisite period of time prior to testing. All that is required is general observation that the subject had neither regurgitated nor ingested anything by mouth. State v. Clark, 446 So.2d 293 (La.1984); State v. St. Amant, 504 So.2d 1094 (La.App. 5th Cir. 1987).
In the case sub judice, the record is clear that defendant was under the general observation of Officer Perrin until 4:20 a.m., and that thereafter defendant was under the general observation of Officer Benoit. Both officers were unwavering in their testimonies that defendant did not eat, smoke, drink, regurgitate, vomit, or belch during their respective periods of observation.
The only contrary testimony was defendant's statement that he belched in transit to the police station.
Pretermitting for the moment any discussion of whether the administrative rules *8 include belching,[1] we find no error in the jury's determination that defendant was under general observation for at least fifteen minutes.
Likewise, when there is conflicting testimony as to a factual matter, such as defendant's belching in the present case, the question of the credibility of the witnesses is within the sound discretion of the trier of fact. Its factual determinations are entitled to great weight and will not be disturbed unless clearly contrary to the evidence. State v. Cobbs, 350 So.2d 168 (La. 1977). In the case sub judice, defendant's assertion that he belched is in direct contradiction to the officers' testimonies. Thus, the jury was faced with a credibility determination. After carefully reviewing the record, we find no error in the trial court's decision to believe the observing officers.

HORIZONTAL GAZE NYSTAGMUS
Defendant contends that the trial court erred in allowing Lieutenant Guidry to testify regarding the horizontal gaze nystagmus test. Defendant argues that no foundation was laid to establish Lieutenant Guidry's expertise, nor was there testimony regarding the scientific validity of the horizontal gaze nystagmus test.
Before a witness can give evidence as an expert, his competency to testify must have been established to the satisfaction of the court. State v. Watson, 449 So.2d 1321 (La.1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1984).
In State v. Armstrong, 561 So.2d 883 (La.App. 2nd Cir.1990), writ denied, 568 So.2d 1077 (La.1990), the court held that the results of a horizontal gaze nystagmus test, a test which determines the degree of intoxication by reference to the extent of involuntary eyeball jerking as the eye attempts to follow an object, are admissible to establish intoxication in DWI prosecutions as long as a proper foundation is laid. A proper foundation for admitting the test has been laid when a showing has been made that the officer who administered the test was trained in the procedure, was certified in its administration, and that the procedure was properly adhered to. Id.
We have carefully reviewed the testimony of Lieutenant Guidry in light of the criteria set forth in Armstrong and find that all requisites were met in the case sub judice. We have considered defendant's contention that no showing was made by the State regarding the qualifications of the persons who trained Lieutenant Guidry. No showing was made in the trial court that the training given was inadequate or improper. Accordingly, we find no error in the trial court's admission into evidence of this testing procedure, and in accepting the expert testimony of Lieutenant Guidry on this subject.
Therefore, we find no merit to defendant's assignment of error.

INTOXILYZER 5000: EXPERT TESTIMONY
Defendant contends that the trial court erred in allowing Officer Benoit to testify as an expert on the operational functioning of the Intoxilyzer 5000. We disagree.
LSA-C.E. Art. 602 provides:
"A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself. This Article is subject to the provisions of Article 703, relating to opinion testimony by expert witnesses."
From the outset, we note that the trial court sustained defendant's objection to Officer Benoit's testimony on the physics and mechanics of the machine. Instead, we find that Officer Benoit testified about his general knowledge of the machine's operation *9 based on personal knowledge he obtained from operating it. Officer Benoit was trained to operate the machine; his certificate of qualification on the Intoxilyzer 5000 was even admitted into evidence without objection from defendant. Furthermore, Officer Benoit's certification was also admitted into evidence without objection.
Therefore we find that defendant's assignment of error is without merit.

SUFFICIENCY OF EVIDENCE
Defendant contends the jury erred in its verdict since it was not supported by the law and evidence. Defendant contends the jury should have discounted the results of the Intoxilyzer 5000 test for non-adherence to the fifteen minute observation rule. Defendant asserts that the jury should not have accepted the results of the horizontal gaze nystagmus test since it is not a scientifically valid test for intoxication. Defendant also contends the non-expert testimony of Officer Benoit should not have been accepted as to the physics and mechanics of the Intoxilyzer 5000 machine. Defendant argues that if the above evidence is excluded, the jury should have had reasonable doubt and acquitted the defendant.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore the appellate court should not second guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983) citing State v. Richardson, 425 So.2d 1228 (La.1983).
LSA-R.S. 14:98 provides in pertinent part:
"A. The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:
(1) The operator is under the influence of alcoholic beverages; or
(2) The operator's blood alcohol concentration is 0.10 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood;"
In the case sub judice, since defendant admitted three prior DWI convictions, the only issue before the jury was the last DWI charge levelled against him. After thoroughly reviewing the record, we find that there is overwhelming evidence to support defendant's conviction. The State first presented the testimony of Officer Perrin who stated that he saw the defendant cross the center line twice while he was driving. After stopping defendant, Officer Perrin stated that the defendant was unsteady, slow, hesitant in his walk and had a strong odor of alcohol emitting from his breath. Defendant admitted to the officer that he had approximately nine beers and that he had too much to drink. Officer Perrin stated that the defendant did poorly on the toe to heel field sobriety test and his balance was unsteady. The defendant also failed the one leg stand field sobriety test. Officer Perrin stated that in his opinion the defendant was intoxicated. The defendant again admitted that he had been driving the vehicle and that he had been drinking.
The State also presented the testimony of Officer Guidry, who administered the horizontal gaze nystagmus test to the defendant. Officer Guidry testified that defendant failed this test. Officer Guidry also testified that the defendant had slurred speech, was off balance and in his opinion the defendant was under the influence of alcohol.
The State presented the testimony of Officer Benoit who administered the Intoxilyzer 5000 test to the defendant. Having found no merit to defendant's contention that the test results were inadmissible, we find that the jury properly considered these test results. Officer Benoit testified that the test result revealed that defendant had a .199 alcohol concentration which is well *10 over the .10 alcohol concentration required for a DWI conviction. Since Officer Benoit was certified to conduct this test and his certification was entered into evidence, the result of this test was properly admitted into evidence.
Accordingly, we find that when the evidence is viewed in a light most favorable to the prosecution, it is more than sufficient to convict defendant of driving while intoxicated. This assignment of error has no merit.

DECREE
For the foregoing reasons, defendant's conviction is affirmed. Costs of this appeal are assessed to defendant.
AFFIRMED.
NOTES
[*] Judge Bernard N. Marcantel, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Defendant contends that a belch is sufficient to recommence the 15 minutes observation. Our review of the administrative regulations shows that belching is not delineated as one of the triggering mechanisms. We have found no jurisprudence which extends the statutory regulation to include belching, and defendant introduced no evidence in the trial court as to the effect of belching on the integrity of the test results.