617 So.2d 480 (1993)
STATE of Louisiana
v.
Earl B. JAMISON.
No. 93-KK-0966.
Supreme Court of Louisiana.
April 22, 1993.
*481 PER CURIAM.
Writ granted in part and denied in part. The trial court's decision to allow evidence at trial of the molestations involving Shelley D. and Earline J. is reversed. While one of the alleged victims of the underlying aggravated rape charge witnessed the molestation of Shelley D. and was therefore a victim of that offense herself, La.R.S. 14:81.2, the evidence does not establish the defendant's particular system for committing the charged crime against the prosecutrix and fails to establish a pattern of committing sexual offenses against the same prosecutrix. See State v. Bailey, 588 So.2d 90 (La.1991); State v. Acliese, 403 So.2d 665 (La.1981); State v. Sutfield, 354 So.2d 1334 (La.1978). Additionally, the record on this count involving Shelley D. and the count involving Earline J., demonstrates that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice to the defendant. La.C.Cr.P. art. 403; State v. Prieur, 277 So.2d 126 (La.1973).
With regard to the other crimes evidence directly involving the defendant's daughter and stepdaughter for which he is currently charged, the district court's ruling and the court of appeal's affirmance permitting use of such evidence is affirmed.
Under the particular circumstances of this case, we need not resolve the question of whether a trial court has the discretion to allow the accused to testify at the Prieur hearing without subjecting himself to cross-examination on the entire case. Cf., La.C.Cr.P. art. 703(E). The defendant's general denials that he committed the other offenses are primarily a matter for the factfinder at trial and not for the trial court making a pre-trial determination of admissibility in part on the basis of whether the state has substantial evidence provided by the same victims of the charged offenses linking the accused to the other crimes. State v. Sutfield, 354 So.2d 1334 (La.1978); State v. Burnette, 353 So.2d 989 (La.1977). To the extent that the "other crimes" evidence was inextricably tied to the underlying rape charges, the state could not have effectively cross-examined the defendant if limited by the trial court. Even assuming an error in the trial court's ruling on this issue, the defendant is unable to show prejudice warranting a second Prieur hearing.
The defendant's application to this Court is otherwise denied.

DECREE
For the foregoing reasons, the judgment of the district court is reversed in part and affirmed in part.
HALL, J., not on panel.