640 So.2d 438 (1994)
STATE of Louisiana, Plaintiff-Appellee,
v.
Earl B. JAMISON, Defendant-Appellant.
No. CR 93-1633.
Court of Appeal of Louisiana, Third Circuit.
May 4, 1994.
*441 Sheryl Lynn Laing, Alexandria, for the State.
George Lewis Higgins III, Pineville, for Earl Jamison.
Before LABORDE, KNOLL and WOODARD, JJ.
KNOLL, Judge.
Defendant, Earl Jamison, appeals his attempted aggravated rape conviction, a violation of LSA-R.S. 14:27 and 14:42.
Defendant was charged with two counts of aggravated rape. Count 1 alleged that he committed aggravated rape upon a child under the age of twelve years (his natural daughter) between September 8, 1971, and September 8, 1977. Count 2 alleged that defendant committed aggravated rape upon a child under the age of twelve years (his stepdaughter) between June 1, 1985, and November 24, 1985. A twelve person jury acquitted defendant of the charge of aggravated rape of his natural daughter and found him guilty of the responsive verdict of attempted aggravated rape of his stepdaughter. After denying defendant's motion for a new trial, the trial court sentenced defendant to twenty years at hard labor for the attempted aggravated rape of his stepdaughter, RM. Defendant appeals, relying on eleven assignments of error. We affirm.

FACTS
Earl Jamison and Rosa Jiminez first became acquainted and began cohabitating in Texas between 1983 and 1984 and later married. Rosa's children, including RM, the victim/stepdaughter, lived with them. Shortly after they met, defendant and Rosa moved to Deville, Louisiana where they lived in a house trailer while they constructed a family home. RM testified that defendant's sexual contact began when they moved into their house and that the frequency of contact progressed rapidly so that within two months of their move into the new house defendant began having sexual intercourse with her. RM testified that defendant's sexual abuse lasted until 1989; at that time Rosa left the family home with her children when a marital conflict arose between her and defendant. Although Rosa and her children returned to Deville after there was a reconciliation between Rosa and defendant, RM testified that defendant did not sexually abuse her at any time thereafter.
RM moved away from the family home in May of 1990 and married in July of that same year. She testified that she remained silent about defendant's sexual abuse until April 30, 1992, when defendant was arrested and taken into custody at the family home because of a domestic disturbance between him and Rosa. RM stated that she told the police of defendant's prior sexual abuse because she felt safe when she saw him in police custody.

*442 SUFFICIENCY OF THE EVIDENCE
Defendant contends that there was insufficient evidence for the jury to convict him of attempted aggravated rape.[1] Defendant argues that the State was unable to pinpoint the time of any act of sexual intercourse before RM's twelfth birthday.
When the issue of sufficiency of evidence is before an appellate court, the critical inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983). Since it is the role of the fact-finder to weigh the respective credibilities of witnesses, an appellate court will not second-guess the trier of fact's credibility determinations beyond the sufficiency evaluations under the standard of review enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Rape is defined in LSA-R.S. 14:41:
"A. Rape is the act of anal or vaginal sexual intercourse with a male or female person committed without the person's lawful consent.
B. Emission is not necessary and any sexual penetration, vaginal or anal, however slight is sufficient to complete the crime."
Aggravated rape of a child under the age of twelve is defined in LSA-R.S. 14:42(A)(4):
"A. Aggravated rape is a rape committed... where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
* * * * * *
(4) When the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense."
Thus, the elements which the State must prove in a prosecution for aggravated rape of a child under twelve are (1) anal or vaginal penetration deemed to be without consent of the victim because of (2) the victim's age at the time of the rape. State v. Henry, 439 So.2d 1242 (La.App. 5 Cir.1983), affirmed, 449 So.2d 486 (La.1984).
As stated hereinabove, although defendant was charged with the aggravated rape of RM, his stepdaughter, the jury returned the lesser included and responsive verdict of attempted aggravated rape as provided in LSA-C.Cr.P. Art. 814.
LSA-R.S. 14:27 states, in pertinent part:
"Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended."
More particularly, LSA-R.S. 14:27(C) states:
"An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt."
Defendant's contention is that the jury should have acquitted him because the State was never able to pinpoint the time of any act of sexual intercourse between him and RM. Accordingly, he argues that the jury heard no evidence which proved beyond a reasonable doubt that sexual intercourse occurred before RM's twelfth birthday.
The record shows that RM forthrightly stated that since the acts of defendant's sexual intercourse with her occurred approximately seven years earlier, it was difficult for her to remember particular events. Nevertheless, RM testified that defendant first had sexual intercourse with her no longer than two months after the family's move from the *443 travel trailer to their home. Further delineating the time period, RM recalled that the move to the family home occurred in the summer between her fifth and sixth grade years in elementary school. Rosa, RM's mother, corroborated RM's testimony that the family moved from the travel trailer to the house in either July or August of 1985, a time which would have coincided with RM's recollection. The record shows that RM's birthdate was November 24, 1973. Accordingly, she would not have attained the age of twelve until November 24, 1985. Therefore, viewing this testimony in a light most favorable to the prosecution, we find that the jury could have found that the State proved beyond a reasonable doubt that defendant was under the age of twelve at the time of defendant's sexual intercourse.
Defendant further asserts that the jury verdict of attempted aggravated rape indicates that it did not believe that sexual intercourse occurred or that if it did occur, it did not take place until after RM's twelfth birthday. We disagree.
As pointed out hereinabove, LSA-R.S. 14:27(C) specifically states that "[a]n attempt is a separate but lesser grade of the intended crime...." Accordingly, although it may appear from the record that the defendant actually perpetrated the charged crime, the jury may convict the defendant of an attempt to commit the crime. Id. Stated another way, since attempted aggravated rape is a statutorily recognized lesser included and responsive verdict to aggravated rape, simple logic "suggests, as the whole encompasses all of its parts, that [proof of the elements of] aggravated rape includes [proof of] an attempt at same." State v. Demery, 311 So.2d 874 (La.1975).
Therefore we find no merit to defendant's assignment of error.

DENIAL OF REQUESTED JURY CHARGE
Defendant contends that the trial court erred when it failed to instruct the jury that if it believed defendant was guilty of carnal knowledge of a juvenile, it must find him not guilty of aggravated rape. He further contends that although carnal knowledge is not a listed responsive verdict to aggravated rape, he was entitled to a jury instruction on carnal knowledge since the evidence supported the instruction.
LSA-C.Cr.P. Art. 814 lists the only verdicts responsive to an aggravated rape indictment: guilty; guilty of attempted aggravated rape; guilty of forcible rape; guilty of attempted forcible rape; guilty of sexual battery; guilty of simple rape; guilty of attempted simple rape; not guilty.
LSA-C.Cr.P. Art. 807 governs special requested charges and provides that the trial court shall give a special charge if it does not require qualification, limitation, or explanation, and if it is wholly pertinent and correct. State v. Toomer, 395 So.2d 1320 (La.1981).
Furthermore, LSA-C.Cr.P. Art. 802 obligates the trial court to charge the jury as to the law applicable to the case. Under this codal article, the trial court is required to charge the jury, when properly requested, as to the applicable law relative to any theory of defense which the jurors could reasonably infer from the evidence. State v. Telford, 384 So.2d 347 (La.1980).
In the case sub judice, defendant requested that the trial court charge the jury on carnal knowledge of a juvenile as follows:
"If you believe the defendant is guilty of carnal knowledge of a juvenile you must find him not guilty."
After reviewing defendant's jury charge, we find no error in the trial court's failure to instruct the jury as defendant requested. As worded, defendant's proposed instruction did not meet the requirements of LSA-C.Cr.P. Art. 807. The charge neither requested that carnal knowledge of a juvenile be defined nor did it address the interplay of defendant's proposal with any of the other possible recognized responsive verdicts.
Likewise, we further find no merit if defendant's request may be construed to mean that the trial court erred in failing to instruct the jury that carnal knowledge of a juvenile was not a responsive verdict. Defendant neither argued this to the trial court nor submitted such a request. This argument may not be raised for the first time on *444 appeal. State v. Henry, 449 So.2d 486 (La. 1984).
Therefore we find no merit to defendant's assignment of error.

TESTIMONY OF SHELLY D.
Defendant contends that the trial court erred in allowing the testimony of Shelly D., a friend of RM at the approximate time of defendant's commission of the charged crime, that she witnessed defendant sexually molest RM. He argues that this testimony violated the Louisiana Supreme Court's pretrial writ ruling in State v. Jamison, 617 So.2d 480 (La.1993), relative to the admissibility of other crimes evidence.
In State v. Jamison, supra, the Louisiana Supreme Court was presented with the question of the admissibility of other crimes evidence of defendant's commission of various sexual acts committed on Shelly D. and other crimes evidence which Shelly D. witnessed involving RM. The Supreme Court held in pertinent part:
"The trial court's decision to allow evidence at trial of the molestations involving Shelly D. and Earline J. is reversed. While one of the alleged victims of the underlying aggravated rape charge witnessed the molestation of Shelly D. and was therefore a victim of that offense herself, La.R.S. 14:81.2, the evidence does not establish the defendant's particular system for committing the charged crime against the prosecutrix and fails to establish a pattern of committing sexual offenses against the same prosecutrix. Additionally, the record on this count involving Shelley D. and the count involving Earline J., demonstrates that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice to the defendant.
With regard to the other crimes evidence directly involving the defendant's daughter and stepdaughter for which he is currently charged, the district court's ruling and the court of appeal's affirmance permitting use of such evidence is affirmed." Jamison, at 481. (Citations omitted.)
After reviewing defendant's objection to Shelly D.'s testimony, the trial court permitted Shelly D. to testify about defendant's sexual molestation of RM which she witnessed.
Defendant broadly asserts that the Supreme Court's ruling prohibited Shelly D.'s testimony at trial in toto. We disagree. It is clear that in the first paragraph of its ruling, the Supreme Court excluded Shelly D.'s testimony about defendant's molestations of her. However, in the second paragraph, we find that the court upheld the State's right to introduce Shelly D.'s testimony of sexual molestations which she witnessed defendant performing on RM, defendant's stepdaughter. To read the Supreme Court's ruling otherwise, would make the holding stated in the second paragraph nonsensical and meaningless. Accordingly, we find no error in the trial court's evidentiary ruling which permitted Shelly D.'s testimony to the degree reflected in the record.
Therefore we find no merit to defendant's assignment of error.

ALLEGED PRIEUR VIOLATION
Defendant next contends that the trial court erred in allowing RM to testify about an incident in which defendant discussed menstruation and touched her between her legs outside her clothing. He argues that this testimony was not within the purview of the Prieur notice which the State provided.
Defendant's assignment of error relates to RM's testimony which followed the State's questioning on direct examination about what changed in RM's relationship with her stepfather. RM initially stated that her stepfather was not acting like a dad should. When asked by the State for elaboration, RM stated:
"Uh ... I don't know where to begin. I mean it ... I remember the first time that I really didn't feel uncomfortable [sic] was when, I believe I was in the Third Grade, between Third and Fourth Grade, and .. uh ... he started telling me about the menstral [sic] cycle."
At this juncture, defendant asked that the jury be removed, and the trial court was *445 asked to rule on the admissibility of this evidence since he had not been advised of this evidence in the Prieur notice. When the trial court overruled defendant's objection, RM further testified as follows:
"The first time I recognized it was when I was about ... in either the Third or Fourth grade, and ... uh ... he started talking to me about my menstral [sic] cycle. He explained to me what was supposed to happen,...."
RM then testified that she was fully dressed during this occurrence and that defendant then placed his hand on her vagina, telling her that she would bleed from there. Later, under cross-examination, RM testified that she had not remembered this event at any time prior to trial and that this was the first time she recounted it.
In State v. Prieur, 277 So.2d 126 (La.1973), the Louisiana Supreme Court held that when the State intends to offer evidence of other criminal offenses, the State must give notice in writing of the acts or offenses it intends to offer.
From the outset, we note that the testimony of RM shows that the State did not have knowledge of this testimony before trial. Instead, RM stated that in response to the general question of the State, she recounted this occurrence which she had heretofore not remembered. Thus, even the State was hearing this testimony for the first time, and thus there has been no showing that the State intended prior to trial to offer this evidence as contemplated by Prieur.
Moreover, we do not find in the case sub judice that this evidence constituted a criminal offense. We have reviewed various possibly applicable criminal statutes (LSA-R.S. 14:42, 42.1, 43, 43.1, 80, 81, 81.2, 89, 89.1, and 106) and find that the testimony complained of fails to show a violation of a criminal statute. Although the conduct of defendant may constitute inappropriate or even morally reprehensible behavior, it nonetheless did not rise to the level of criminal conduct. See, State v. Barham, 467 So.2d 880 (La.App. 3 Cir.1985), writ denied, 475 So.2d 355 (La.1985).
Furthermore, we note that defendant never motioned the court for a mistrial or urged that the jury be admonished regarding this testimony. Louisiana jurisprudence is clear that the failure to lodge either of these requests in a manner which would timely allow the trial judge to cure the alleged defect precludes defendant from raising the issue on appeal. State v. Johnson, 443 So.2d 766 (La.App. 3 Cir.1983), writ denied, 445 So.2d 451 (La.1984).
In a separate assignment of error which, in part, refers to the inability of RM to pinpoint defendant's act(s) of sexual intercourse prior to her twelfth birthday, defendant asserts that the probative value of evidence of his other sexual acts against RM, not just other acts of sexual intercourse, was outweighed by the danger of unfair prejudice to him. He argues that this painted him as a child molester and virtually assured his conviction. We disagree.
The jurisprudence holds that other sex crimes against the same victim are admissible in a prosecution for aggravated rape. State v. Acliese, 403 So.2d 665 (La.1981). Contrary to defendant's assertion, evidence of defendant's other sexual acts against RM, his stepdaughter, showed his prurient interest in the rape victim and further showed defendant's continuing sexual relationship with the victim. State v. Barham, supra; State v. Osborne, 593 So.2d 888 (La.App. 2 Cir.1992). Furthermore, to the extent that this ancillary argument reasserts defendant's pretrial writ application to us and the Louisiana Supreme Court relative to other crimes evidence, we find no new evidence presented for us to review and choose not to reconsider the courts' pretrial rulings on this issue. See, State v. Regan, 601 So.2d 5 (La.App. 3 Cir.1992), writ denied, 610 So.2d 815 (La. 1993).
Therefore we find no merit to defendant's assignments of error.

ANSWER TO BILL OF PARTICULARS
Defendant contends that the trial court erred in failing to order the State to specifically answer his bill of particulars.
*446 It is well established that assignments of error not briefed are considered abandoned on appeal. State v. Blanton, 325 So.2d 586 (La.1976). In the present case, defendant fails to brief this assignment. Accordingly, we find that defendant has abandoned this assignment of error.

MOTION FOR SEVERANCE
Defendant contends that the trial court erred in denying his motion to sever the two charges of aggravated rape. In the present case, defendant fails to brief this assignment. Accordingly, we find that defendant has abandoned this assignment of error. Id.

PRIEUR HEARING: DEFENDANT'S RIGHT TO TESTIFY
Defendant next contends that the trial court erred in not permitting him to testify at the Prieur hearing with the same protection accorded defendants under LSA-C.Cr.P. Art. 703(E), the article applicable to suppression hearings.
We declined to address this issue in our pre-trial treatment of defendant's writ application finding no error in the trial court's ruling. Likewise, in the Louisiana Supreme Court's per curiam opinion in State v. Jamison, supra, it held:
"Under the particular circumstances of this case, we need not resolve the question of whether a trial court has the discretion to allow the accused to testify at the Prieur hearing without subjecting himself to cross-examination on the entire case ... The defendant's general denials that he committed the other offenses are primarily a matter for the factfinder at trial and not for the trial court making a pre-trial determination of admissibility in part on the basis of whether the state has substantial evidence provided by the same victims of the charged offenses linking the accused to the other crimes." (Citations omitted.)
Defendant's only assertion in brief is that it "cannot [be known] ... what information the defendant might have supplied had he been accorded the same protection he would have enjoyed had this been a Motion to Suppress." After carefully reviewing defendant's contention, we find that he fails to discuss how, if at all, he has been prejudiced by the trial court's ruling and presents nothing different from our pre-trial ruling for us to review. Accordingly, we do not find it appropriate for us to reassess our prior ruling. State v. Regan, supra.

SENTENCING
Defendant contends that the sentencing court considered improper information in arriving at its sentencing choice, that it failed to appropriately weigh the mitigating circumstances applicable to defendant, and that it imposed an excessive sentence.
The imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment. State v. Cann, 471 So.2d 701 (La.1985). A sentence is considered excessive and unconstitutional if it is grossly out of proportion to the severity of the crime or nothing more than the purposeless and needless imposition of pain and suffering. State v. Telsee, 425 So.2d 1251 (La. 1983). The sentencing court is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Sepulvado, 367 So.2d 762 (La.1979).
LSA-C.Cr.P. Art. 894.1, as amended, focuses on the Louisiana Felony Sentencing Guidelines (FSG)the Louisiana Sentencing Commission's recommended sentences in felony cases. The FSG are mandatory, but only in the sense that the trial court must consider the guidelines and articulate the reasons for any departure by specifying the mitigating or aggravating circumstances, and the factual basis therefor. State v. Smith, 629 So.2d 333 (La.1993), rehearing granted, 639 So.2d 237 (La.1994). However, this does not contravene the legislative caveat that a sentence shall not be declared unlawful or excessive solely because the court fails to conform with the guidelines. Id. Moreover, upward departures should be made when one or more aggravating circumstances significantly differentiate the particular situation from a "typical" case. State v. *447 Strother, 606 So.2d 891 (La.App. 2 Cir.1992), writ denied, 612 So.2d 55 (La.1993).
After contemplating the guidelines and assigning reasons for its departure from the recommended sentence, the sentencing court is free to use its reasoned discretion in deviating, "even grossly," to mete out punishment. State v. Smith, supra. Stated another way, if departure from the guidelines is justified, the sentencing court may pronounce a sentence commensurate to the circumstances without considering proportionality to the FSG. State v. Anderson, 631 So.2d 80 (La.App. 2 Cir.1994).
In the case sub judice, the sentencing court rendered oral reasons for sentence as follows:
"The crime for which the jury convicted Mr. Jamison is attempted aggravated rape and the statutory maximum sentence would be 50 years. The pre-sentence investigation report indicates that the grid cell in the sentencing guidelines for this case is 1-E, which indicates a minimum in term of incarceration of 96 months, which would be ... eight years, and a maximum of 126 months, which would be ten and a half years. That's based upon, of course, the elements of the crime, the criminal history of the defendant, which is reported on the criminal history index work sheet. It shows these previous crimes happened many years ago, however they are used... in the statutory guidelines.
I've taken into consideration the age of the defendant at this time. He was born ... on October 24, 1941, and which means that he is over 50 years of age at this time. And I've also considered the fact that a number of years have elapsed since these crimes for which he was convicted ... somewhere back in 1985 ... And I've also taken into consideration ... the mitigating circumstances ... the fact that he has some health problems also, some physical and apparently psychological problems.
And I have a letter here from some citizens who wrote on his behalf and I have taken that into consideration also. That will be with the record....
And on the aggravating side I have considered the testimony of the victim which indicated an ongoing series of sexual conduct with her by the defendant while she was very young. And the fact that she was his stepdaughter, therefore, he did exercise some power over her which I think is an aggravating circumstance also.
In the brief of counsel for State that stated that the offender used his position to facilitate the commission of the offense, which I think that he did. There was also some cruelty manifested ... in the way that he treated her, the victim, the apparently disregard for whatever emotional damage he was doing to her, emotional harm, in some of her testimony which I will not repeat that indicates to me some deliberate cruelty toward her.
I think those are the major aggravating circumstances which I can consider in the sentencing. There's one ... that the State brings out, the offender knew or should have known that the victim was particularly vulnerable or incapable of resistance due to extreme youth, ... Well, that's one of the elements of the crime itself, so I don't think that I can use that. That's already used, you might say by the Legislature. But it was that ongoing conduct that ... I think that was especially bad and aggravating and I think ... compels me to go beyond the sentencing guidelines.
And I've taken all of those things into consideration. I don't think that it calls for the maximum sentence, ... when I say maximum I mean the maximum authorized by law, by the statute on attempted crimes which in this case would be a 50 year maximum. And I also think that it takes this case out of the sentencing guidelines. I've taken all of that into consideration, and I've arrived at what I think is a proper and correct sentence.
So the defendant will stand for sentence. For the crime of attempted aggravated rape for which you were convicted by the jury I sentence you to be committed to the custody of the Louisiana Department of Public Safety and Corrections to serve at hard labor for a period of twenty (20) years in such adult penal or correctional institution as designated by the said Department. *448 And I sentence you to pay the court costs."
Our review of the record shows that the sentencing court was well familiar with the testimony adduced at trial and appropriately took those facts into consideration in making its sentencing choice. The sentencing colloquy exhibits that the court painstakingly differentiated the elements of the crime which are built into the sentencing grid and clearly enunciated the various mitigating and aggravating circumstances exhibited in the record. Our independent examination of the record fully supports the sentencing court's references, particularly with reference to the harm RM suffered because of defendant's acts. Based on the oral reasons stated in the sentencing colloquy, we find that the sentencing court had ample grounds for an upward departure from the guidelines grid range and correctly characterized that this case called for a greater sentence than that shown in the FSG.
Having found an upward departure from the guidelines grid range appropriate, we now address defendant's assertion that his sentence is excessive under the constitution. Whether the term of imprisonment is too severe depends upon the circumstances of the case and the defendant's background. State v. Coleman, 605 So.2d 231 (La.App. 2 Cir.1992), and cases cited therein. In the present case, defendant received a sentence of less than half of the statutory maximum. In light of the seriousness of the offense and the harm caused the victim, we do not find that defendant's twenty year sentence constitutes an unnecessary infliction of pain and suffering, nor does the sentence shock our sense of justice.
Therefore we find no merit to defendant's assignment of error.

ERROR PATENT
LSA-C.Cr.P. Art. 930.8 provides that at the time of sentencing the sentencing court shall inform the defendant of the prescriptive period for post-conviction relief. The record in the present case shows that the court did not so inform defendant. This defect has no bearing on whether the sentence is excessive and thus is not grounds to reverse the sentence or remand for resentencing. LSA-C.Cr.P. Art. 921. The three year prescriptive period does not begin to run until the judgment is final under LSA-C.Cr.P. Art. 914 or 922, so prescription is not yet running. Accordingly, the sentencing court is directed to inform defendant of the provisions of LSA-C.Cr.P. Art. 930.8 by sending appropriate written notice to defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice in the record of these proceedings. See, State v. Reeves, 613 So.2d 1061 (La.App. 3 Cir.1993), writ denied, 619 So.2d 543 (La.1993).
For the foregoing reasons, defendant's conviction and sentence are affirmed with directions as stated hereinabove.
AFFIRMED WITH INSTRUCTIONS.
NOTES
[1] In the assignments of error defendant filed in the trial court, he also contends that the trial court erred in denying his motion for a new trial. In brief defendant does not argue error on the part of the trial court in denying his motion for a new trial. It is firmly established in the jurisprudence that assignments of error not briefed are considered abandoned. Accordingly, we find that the issue of the trial court's denial of defendant's motion for a new trial has been abandoned.